## REAL SILK HOSIERY MILLS v. CITY OF RICHMOND, CAL., et al.

(District Court, N. D. California, S. D.    April 24, 1924.)

### No. 1251.

Commerce ⬅55—Constitutional law ⬅89(1), 295—Ordinance imposing penalties on peddlers and solicitors calling at dwellings having "No peddlers" signs held invalid.

Application of city ordinance, imposing penalties on peddlers and solicitors calling at dwellings bearing the sign "No Peddlers," to nonresident solicitors for orders to be filled through interstate commerce, *held* an unwarranted interference with interstate commerce, and deprivation of liberty of contract and of property without due process of law.

In Equity. Suit by the Real Silk Hosiery Mills against the City of Richmond, Cal., and others. Injunction pendente lite granted.

Dinkelspiel & Dinkelspiel, of San Francisco, Cal., for plaintiff.
D. J. Hall, of Richmond, Cal., for defendants.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BOURQUIN, District Judge.   Defendants threaten to apply to the nonresident plaintiff's solicitors for orders to be filled by way of interstate transportation, the city's ordinance imposing penalties upon peddlers and solicitors who ring or knock at doors of dwelling places bearing a sign "No Peddlers."

The ordinance aims at prevention of trespass, annoyance, conflict, disorder, and breach of the peace, otherwise of reasonable apprehension.   In principle it is legitimate exercise of local self-government or police power, in no wise encroaching upon interstate commerce; for the latter does not license the offensive conduct by the ordinance denounced nor confer immunity against consequent punishment.

But though the ordinance, even as the householder's sign, recognizes the legal and popular distinction between peddlers and solicitors or agents, it undertakes to extend its ban beyond the householder's. It would visit the consequence of trespass upon solicitors guiltless of any offending.   A householder's ban upon peddlers is none to solicitors, and so the latter may there lawfully enter and solicit contracts, though the former are excluded from trade.   Where the householder permits solicitors, the city cannot forbid.

Hence application of the ordinance to plaintiff's solicitors is unwarranted interference with interstate commerce, and deprivation of liberty of contract and of property without due process of law.   The principles involved need no restatement, and the cases, Texas, etc., Co. v. City, 44 Sup. Ct. 242, 68 L. Ed. ——, being the latest, need no review.

Injunction pendente lite is granted; bond, $1,000.