## City of Mt. Sterling et al. v. Donaldson Baking Co.

Oct. 17, 1941.

Thomas D. Grubbs and Robert H. Winn for appellants.

Howard C. Hadden and Lewis A. White for appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Affirming.

The Donaldson Baking Company, a Kentucky corporation, was threatened with prosecution by the City of Mount Sterling for the violation of an ordinance of that city forbidding uninvited solicitors from going to private residences for the purpose of selling merchandise, which ordinance denounced the offense to be a nuisance punishable by a fine; also, for the violation of a second ordinance in not paying a license imposed upon peddlers. The company brought this action to enjoin the city from enforcing these two ordinances against it or its employees, alleging the first ordinance was invalid, and as it was not a peddler it did not come within the terms of the second ordinance. The city's general demurrer was overruled and it was permanently enjoined from enforcing the two ordinances against the company. The chancellor gave his reasons for overruling the demurrer in a full and well-considered opinion.

The ordinances read:

"Section 71. The practice of being in and upon the private residences in the City of Mt. Sterling, Kentucky, by solicitors, peddlers, hawkers, itinerant merchants and transient vendors of merchandise, not having been requested or invited so to do by the owner or owners, occupant or occupants of said private residences, for the purpose of soliciting orders for the sale of goods, wares and merchandise, and/or for the purpose of disposing of and/or peddling or hawking same, is hereby de-

clared to be a nuisance, and as such punishable as a misdemeanor. Any person violating any provisions of this ordinance shall be fined a sum not less than five nor more than twenty dollars for each offense.''

"Section 124. The tax on licenses for doing business in the City of Mt. Sterling shall be as follows:

"Article 21. On each peddler or itinerant retailer of wares or merchandise of any description, per year $300, same per day $25. Note. No person shall be deemed a peddler under this article for selling agricultural implements, sewing machines, portable mills, books, pamphlets, papers, meat, stoneware, or farm or garden products, maps, charts, stationery, castings of plaster of paris, nor merchants or their agents selling by sample. Subject to the provisions contained in Sec. 71.''

The petition as amended and substituted alleged that the Donaldson Baking Company is a substantial Kentucky corporation with a capital stock of some half million dollars with its principal office and bakery located in Louisville and a distributing branch in Lexington; that it operates sales trucks out of the Lexington branch daily on regular routes in some nine or ten named cities in central Kentucky, which routes are established by one of its representatives calling at the residences of prospective customers and obtaining the signature of housekeepers on a form presented by him inviting the company to have its salesmen stop regularly. As soon as sufficient invitations are thus secured the company establishes routes upon which its salesmen and trucks travel on a daily schedule to display goods, make sales, deliveries and collections. The salesmen and trucks visit only the residences from which the company's representatives have obtained an invitation for them to so do. As we recall, Mt. Sterling has some 4,500 inhabitants, of whom 254 are customers of the company.

This is a case of first impression in this jurisdiction. However, an ordinance practically identical with the one now before us was first passed by the town council of Green River, Wyoming. Similar ordinances have been enacted by other cities and so many state and federal courts have had the ordinance before them that the

"Green River" ordinance now has a definite place in the judicial parlance of the United States. Some of the cases wherein the ordinance has been held invalid are: Jewel Tea Company v. City of Geneva, 137 Neb. 768, 291 N. W. 664; White v. Town of Culpeper, 172 Va. 630, 1 S. E. (2d) 269; Prior v. White, 132 Fla. 1, 180 So. 347, 116 A. L. R. 1176; New Jersey Good Humor, Inc., v. Board of Commissioners, 124 N. J. L. 162, 11 A. (2d) 113; Real Silk Hosiery Mills v. City of Richmond, D. C. Va., 298 F. 126; Jewel Tea Co. v. Town of Bel Air, 172 Md. 536, 192 A. 417; DeBerry v. City of La Grange, 62 Ga. App., 74, 8 S. E. (2d) 146.

Among the cases upholding the ordinance will be found: Town of Green River v. Fuller Brush Co., 10 Cir., 65 F. (2d) 112, 88 A. L. R. 177; Town of Green River v. Bunger, 50 Wyo. 52, 58 P. (2d) 456; City of Shreveport v. Cunningham, 190 La. 481, 182 So. 649.

Concisely stated, the city's argument is that it has authority to define and abate nuisances under Section 3490-7, Kentucky Statutes, and the case of Nourse v. City of Russellville, 257 Ky. 525, 78 S. W. (2d) 761, holds that in enacting ordinances to preserve and promote the health, morals, security and general welfare of its citizens, a city has broad discretion in determining for itself what is harmful and inimical. That courts have no right to substitute their views for those of the municipal body where there is a reasonable difference of opinion as to what might be harmful to the health, morals and general welfare of the citizens of the city; and as courts of last resort of many states differ as to the validity of this very ordinance, and as even some of the judges differ with their brethren on the same court relative to its validity, we must uphold the ordinance.

There is no room for debate in this jurisdiction as to the city's authority to define and abate a nuisance, or that under its police power it has broad discretion in determining what may be injurious to the public health, morals and general welfare; and courts may not replace the view of the city's legislative body with their own views where there is only a reasonable difference of opinion as to the validity of an ordinance enacted under the police power. Francis v. City of Bowling Green, 259 Ky. 525, 82 S. W. (2d) 804; Nourse v. City of Russellville, 257 Ky. 525, 78 S. W. (2d) 761; City of

Middlesboro v. Byrd, 247 Ky. 348, 57 S. W. (2d) 49. But this does not mean that the city may by legislative fiat declare a thing to be a nuisance when it is not, nor does it mean that a city under the guise of its police power may act arbitrarily and unreasonably and without a rational relation to the protection of the common welfare in the enactment of ordinances. Boyd v. Board of Council of the City of Frankfort, 117 Ky. 199, 77 S. W. 669, 25 Ky. Law Rep. 1311, 111 Am. St. Rep. 240; City of Versailles v. Kentucky Highland R. Co., 153 Ky. 83, 154 S. W. 388; City of Louisville v. Kuhn, 284 Ky. 684, 145 S. W. (2d) 851.

We can see no connection between the health, morals, security and general welfare of the citizens of Mt. Sterling which the ordinance was purportedly enacted to protect, and the orderly solicitation on private premises conducted by persons in good health in an inoffensive manner asking householders to extend an invitation to the company for its salesmen and trucks to call at their residences for the purpose of selling and delivering bakery products. We regard the ordinance as unreasonable, arbitrary and unrelated to the protection of the citizens of Mt. Sterling. In writing on the law of torts Judge Cooley said:

> "No doubt one may visit at another's place of business for no other motive than curiosity, without incurring liability, unless he is warned away by placard or otherwise. So every man, by implication invites others to come to his house as they may have proper occasion, either of business, or courtesy, for information, etc. Custom must determine in these cases what the limit is of the implied invitation." 2 Cooley, Torts, 4th Ed., 238, Section 248.

We agree with what was written in Prior v. White, 132 Fla. 1, 180 So. 347, 116 A. L. R. 1176, that where a householder does not externally manifest in some way his desire not to be molested by solicitors, the latter may take custom and usage as implying consent to call (where such custom and usage exists), and that an ordinance declaring solicitation without invitation to be a nuisance and punishable as such cannot be upheld as a proper exercise of police power. We cannot agree with the reasoning expressed in Town of Green River v. Fuller Brush Co., 10 Cir., 65 F. (2d) 112, 88 A. L. R. 177, that the ringing of door bells of private residences by

itinerant vendors and solicitors is in fact a nuisance to the occupants of homes. It is difficult to understand how ringing a door bell of a private residence one time by a solicitor could be a public nuisance and subject the perpetrator to a fine. If such be a nuisance, it would only annoy the householder whose door bell was rung and not annoy the general public. In Petroleum Refining Co. v. Com., 192 Ky. 272, 232 S. W. 421, 423, we defined "nuisances" thus:

> "A nuisance is public where it affects the rights enjoyed by citizens as part of the public, that is, the right to which every citizen is entitled, whereas a private nuisance is anything done to the hurt, annoyance, or detriment of the lands, tenements, or hereditaments of another." Also see 46 C. J., Section 3, pages 646-648.

It would appear that the courts which have sustained the "Green River" ordinance have done so on the ground that the solicitation at private homes was a public nuisance and have failed to distinguish between public and private nuisances. Courts which have declared this ordinance to be invalid have bottomed their opinions on the theory that such solicitation was not a nuisance, but if it were, it would only be a private nuisance for which the perpetrator could not be prosecuted.

The city's argument is that because courts of last resort are not in unanimity in their decisions relative to the validity of the "Green River" ordinance and that because some of the decisions are by a divided court, there is shown to be an honest difference of opinion as to the validity of the ordinance, therefore this court cannot interfere with legislative discretion in the matter. The fallacy of that reasoning is that on any question of legislative discretion arising in this state wherein decisions of courts of other states were by a divided bench, or wherein the decisions on the subject were not unanimous in the United States, the courts of this Commonwealth would be deprived of jurisdiction in determining whether or not legislative bodies in the State had acted unreasonably and arbitrarily in the exercise of their police power.

The city complains that the injunction forbade it from enforcing against the company Section 21 of the ordinance requiring peddlers to pay a license of $300

per year or $25 per day, and contends that under the injunction the city is powerless to prevent the company from peddling its products without paying a peddler's license. The answer to this argument is that the company is not a peddler. As we have heretofore stated, the company is a substantial Kentucky corporation with almost $500,000 capital structure and is engaged in the reputable business of retailing its bakery products from its trucks daily along fixed routes in nine or ten central Kentucky cities to regular customers who have extended it an invitation to have its salesmen and trucks call at their homes. In Com. v. Standard Oil Co., 129 Ky. 744, 112 S. W. 902, 904, it was written:

"The mere delivery of goods to a customer is not peddling. The offense of peddling without license is committed where goods are hawked about, and offered and sold to any one who will buy; but the statute is not intended to obstruct ordinary business, or to prevent the delivery of goods to a regular customer under a general arrangement, such as is regularly made with milkmen and the like."

In National Baking Co. v. Zabel, 227 Wis. 93, 277 N. W. 691, and Haller Baking Co. v. Borough of Rochester, 118 Pa. Super. 501, 180 A. 108, it was held that bakery companies who conducted their business in a manner similar to the Donaldson Bakery Company were not peddlers. In the Zabel case it was said [227 Wis. 93, 277 N. W. 693]:

"Custom has developed a marked distinction between the business of peddling and that which may be described as the modern service delivery of necessary but perishable goods."

The judgment is affirmed.