**Alma E. SHIPP, Appellant,**

v.

**Martha Juanita JOHNSON and William H. Johnson, Appellees.**

Court of Appeals of Kentucky.

Nov. 13, 1969.

Rehearing Denied May 15, 1970.

George K. Harris, Louisville, for appellant.

John L. Bennett, Hogan, Taylor, Denzer & Bennett, Louisville, for appellees.

REED, Judge.

The plaintiff appellant, Alma Shipp, was injured when she slipped and fell after stepping on a small throw rug during a social visit to the home of Martha and William Johnson, the defendants and appellees. Plaintiff and defendant Martha Johnson were friends; Mrs. Johnson was recuperating at home from recent surgery. Plaintiff and a male escort decided one evening to visit Mrs. Johnson during her convalescence. When plaintiff walked into the vestibule of the Johnson home, she stepped upon a small white throw rug which rested on a polished and waxed hardwood floor; she immediately slipped and fell and injured herself.

After the plaintiff instituted this action against the Johnsons to recover damages for her injuries, which she alleged were caused by negligence on the part of Mrs. Johnson, discovery depositions were taken from all the witnesses to the accident. The defendants then moved for summary judgment. The trial court sustained the defendants' motion and entered summary judgment dismissing the plaintiff's complaint.

■ The plaintiff appeals. She argues that the evidentiary material demonstrates that she was an invitee on the occasion of her injury, and that even in the event she is to be regarded as a mere licensee there is a genuine issue concerning the material fact that Mrs. Johnson was aware of the hazardous character of the rug but failed to either correct the condition or warn the plaintiff about it; thus a jury could find that a social guest was knowingly subjected to a hidden peril. We hold that the trial court was correct. The plaintiff was a social visitor and not in the category of an invitee; the condition that gave rise to the injury was an open and obvious one rather than a hidden peril.

Prosser notes that although there is an undercurrent of disagreement with the principle from some legal writers, the overwhelming weight of decisional authority is contrary to the plaintiff's contention regarding her status as an invitee.

"Thus nearly all of the decisions are agreed that a social guest, however cordially he may have been invited and urged to come, is not in law an invitee—a distinction which has puzzled generations of law students, and even some lawyers. The guest is legally nothing more than a licensee, to whom the possessor owes no duty of inspection and affirmative care to make the premises safe for his visit." Prosser, Law of Torts–3d Ed., p. 387.

Plaintiff principally relies upon the case of Cozine v. Shuff, Ky., 378 S.W.2d 635 and the dissent in Rademaker v. Williamson, Ky., 355 S.W.2d 154. Neither the decision in the Cozine case nor the dissent in the Rademaker case affords her argument any support. In Cozine, the injured plaintiff was actually engaged in rendering nursing and housekeeping services for her ill sister at the time of the fall that injured the plaintiff. The condition causing the plaintiff's injury was deceptively concealed grease spilled upon the floor by the possessor of the premises. The differences between the instant case and the Cozine case are too apparent for discussion.

■ In the Rademaker case, this court held that the possessor of premises was not liable to a social guest who fell on a waxed hardwood floor when her foot

slipped on a corner of a large rug even though there was evidence that prior slipping on the rug corner had occurred within the knowledge of the possessor. The dissent in Rademaker conceded that small throw rugs situated on waxed hardwood floors were, in the common experience of most people, open and obvious conditions that required proper caution on the part of persons choosing to walk on them; the real thrust of the dissent was that this experience did not warrant treating a large rug as being in the same category. The dissent would have regarded the corner of a large rug under the facts of that case as a hidden peril. In the case before us, however, nonliability of the possessor is established by the undisputed facts under the reasoning of both the majority opinion and the dissent in Rademaker. The only fact in dispute is whether the defendant, Martha Johnson, knew that persons had slipped on the throw rug before the plaintiff's accident. That fact, in this instance, is immaterial. It was also regarded as immaterial in Rademaker. There is no duty to warn a licensee except concerning hidden perils. Indeed, there is no duty to warn an invitee concerning open and obvious conditions except under special circumstances that are not pertinent in this discussion. See Bonn v. Sears, Roebuck, Ky., 440 S.W. 2d 526.

Since the evidentiary material submitted on the motion for summary judgment demonstrated beyond doubt that there would be no evidence upon the trial except that which clearly established the defendants nonliable as a matter of law, the summary judgment dismissing the complaint was proper.

The judgment is affirmed.

MILLIKEN, NEIKIRK, OSBORNE, PALMORE, and STEINFELD, JJ., concur.