**Robert GRAVATT, Movant,**

v.

**B. F. SAUL REAL ESTATE INVEST-MENT TRUST, Respondent.**

Supreme Court of Kentucky.

June 24, 1980.

Charles A. Taylor, Hughes, Taylor & Elam, Lexington, for movant.

Henry E. Kinser, Kincaid, Wilson, Schaeffer & Hembree, Lexington, for respondent.

PALMORE, Chief Justice.

Robert Gravatt was injured when his motorcycle struck an unmarked traffic island in the respondent's shopping center. His suit for damages was submitted to a jury on the theory that he was a licensee. The jury found that the traffic island constituted an unreasonably dangerous condition that was known to the respondent and that Gravatt was not contributorily negligent. A judgment awarding Gravatt $8,000 in accordance with the verdict was reversed by the Court of Appeals on the ground that because (1) there was no evidence that the respondent knew the condition was dangerous and (2) Gravatt was contributorily negligent as a matter of law, the respondent should have been given a directed verdict. It is our opinion that the judgment of the trial court should be affirmed.

On the contributory negligence point, this is one of those cases in which a

finding of negligence and substantial causation on the part of the defendant excludes a finding of contributory negligence on the part of the plaintiff solely on the basis of the occurrence of the accident. It is the duty of the possessor to foresee that a condition known to himself presents an unreasonable risk of danger to an expected user of the premises exercising ordinary care for his own safety. Hence a finding by the jury that the possessor was negligent means that the injured user cannot be found contributorily negligent on the theory that the condition should have been obvious to him at the time of the accident. The jury having found that the premises were not in a reasonably safe condition for a user in Gravatt's circumstances, there was no evidentiary basis for holding him contributorily negligent as a matter of law except for (1) his previous opportunity of observing the traffic island during daylight hours and (2) his admission that he was traveling 20 to 25 miles per hour whereas KRS 189.390(2)(d) prescribes a limit of 15 miles per hour on premises of this kind.

■ Gravatt testified that the traffic island had been constructed very recently and that he had not seen it before the accident. Whether he should have seen it most certainly was a question for the jury. Whether his speed was a substantial causal factor in the accident also was a jury question, and was properly submitted.

The reason for publication of this opinion is to dispel a misconception with respect to whether a possessor's exposure to liability rests upon knowledge of a particular *condition* or upon his further knowledge or realization that the condition is *dangerous.*

Under the instructions given by the trial court the jury was required to believe the following in order to find for the plaintiff:

(1) That by reason of the placement of the traffic island by the defendant the road was not in a reasonably safe condition for use by the plaintiff;

(2) That the defendant had actual knowledge "of such unsafe condition."

■ To make a long story short, if the possessor of premises has knowledge of a condition that a properly-instructed jury finds unreasonably hazardous to a licensee exercising ordinary care for his own safety, then it does not make any difference whether the possessor had actual cognizance of the danger. It is enough that he was aware of the condition itself. The law holds him to that which an ordinarily prudent person with the same knowledge would have anticipated.

■ The instructions paraphrased above were taken from Sec. 23.09, Instruction 2, Kentucky Instructions to Juries (Anderson Publishing Company, 1977), and were prepared by the author of this opinion. Perhaps, in retrospect, it would have been better to omit the adjective "unsafe" from the instruction requiring the defendant to have knowledge of "such unsafe condition." Certainly it does not add anything, and in this instance seems to have induced a misunderstanding by counsel for the respondent and by the appellate court panel from whose opinion the appeal to this court was taken. In any event, it is merely descriptive of the condition the jury has found to have existed under the previous item of the instruction, and in future cases it would be better to call it "such condition" rather than "such unsafe condition" in this particular item of the instruction.

The decision of the Court of Appeals is reversed, and the judgment of the trial court is affirmed.

All concur.