**James Martin SCIFRES and Humana Health Plans, Appellants,**

v.

**Bill KRAFT and Karen Kraft, Appellees.**

No. 94–CA–002618–MR.

Court of Appeals of Kentucky.

Jan. 12, 1996.

As Modified Feb. 2, 1996.

F. Thomas Conway, Louisville, for appellants.

Chester A. Vittitow, Jr., Bennett, Bowman, Triplett & Vittitow, Louisville, for appellees.

Before: DYCHE, JOHNSON and GUDGEL, JJ.

JOHNSON, Judge:

This appeal raises the question of the liability of homeowners for damages sustained by a social guest from a swimming pool injury. The Jefferson Circuit Court found a lack of a legal duty and granted summary judgment in favor of the homeowners. We affirm.

On August 15, 1992, Bill and Karen Kraft (the Krafts) hosted a pool party at their home in Jefferson County. The couple had invited approximately forty friends and co-workers to attend the party by distributing a flyer. The invitation described the event as a "luau" party, and informed those invited that it was a "BYOB" or "bring your own bottle" affair.

Several of the guests prepared an alcoholic beverage called "jungle juice" by mixing several clear liquors, including vodka, gin, and tequila, in a plastic garbage can. The Krafts observed the mixing of this concoction but did not participate in its making or distribution. Several of the guests were drinking alcohol, including Scifres, who stated in his deposition that he consumed approximately two glasses of the jungle juice and three or four beers while at the Krafts' home. Scifres also had consumed several beers at a local bar prior to arriving at the party. He claimed, however, to have always been "in control" while at the party and there is some support for this statement from other guests.

As the party progressed, activities included music and a hula dance complete with grass skirts and wigs for some of the men. Later in the evening, two of the men got into the pool with proper swimming attire. On a dare, another man jumped into the water naked. After being teased about being afraid to get his hair wet, Scifres dove into the water and struck his head on the opposite side of the pool. The force of the impact with the pool wall broke Scifres' neck and severed his spinal cord rendering him a quadriplegic.

Scifres brought a negligence action against the Krafts contending that the hosts failed to warn him of the dangers of the pool and failed to adequately supervise the guests in the use of the pool while creating a danger-

ous environment involving the known hazards of alcohol and a swimming pool. Humana Health Plans, under Scifres' insurance policy's subrogation rights for expenses paid on Scifres' behalf, intervened. The trial court granted summary judgment in favor of the Krafts stating that they "... were not negligent as they owed no duty to Scifres to either warn him of any dangers of the pool nor control the activities of their guests." This appeal followed.

The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. Kentucky Rules of Civil Procedure (CR) 56.03. There is no requirement that the appellate court defer to the trial court since factual findings are not at issue. *Goldsmith v. Allied Building Components, Inc.*, Ky., 833 S.W.2d 378, 381 (1992). "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, Ky., 807 S.W.2d 476, 480 (1991). Summary "judgment is only proper where the movant shows that the adverse party could not prevail under any circumstances." *Steelvest*, 807 S.W.2d at 480, *citing Paintsville Hospital Co. v. Rose*, Ky., 683 S.W.2d 255 (1985). Consequently, summary judgment must be granted "[o]nly when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor ..." *Huddleston v. Hughes*, Ky.App., 843 S.W.2d 901, 903 (1992), *citing Steelvest, supra* (citations omitted).

Historically visitors upon property have been placed in one of three categories, viz., trespassers, licensees or invitees. A trespasser is one who comes upon the land without any legal right to do so, a licensee is one who comes upon land with the consent of the possessor of the land and an invitee is generally defined as one who comes upon the land in some capacity connected with the business of the possessor. The liability of the possessor of land for injuries sustained by visitors upon the land depends in some degree upon whether the injury arises from a defect in the condition of the premises or from an activity conducted upon the premises. Though it has been said frequently that the possessor of land owes no duty to a licensee except to refrain from wilful or wanton injury and to warn of known defects this rule has been gradually eroded with respect to injuries caused by activities conducted upon the premises.

*Hardin v. Harris*, Ky., 507 S.W.2d 172, 174–175 (1974).

We will address Scifres' allegations of negligence in two parts. Scifres alleged that the Krafts were negligent in failing to warn him of the dangers associated with the swimming pool, i.e., that he could be seriously injured by diving from the side of the pool and striking his head on the other side. As Scifres was at the party as a social guest, he was a licensee of the Krafts. *Shipp v. Johnson*, Ky., 452 S.W.2d 828, 829 (1969). A possessor of land owes a licensee the duty of reasonable care either to make the land as safe as it appears, or to disclose the fact that it is as dangerous as he knows it to be. *Perry v. Williamson*, Ky., 824 S.W.2d 869, 874 (1992), *citing* Restatement (Second) of Torts, § 342, Comment e. There is no duty to warn a licensee of any danger or condition which is open and obvious or which should or could be observed by the licensee in the exercise of ordinary care. *Shipp, supra* at 830; *Keown v. Keown*, Ky., 394 S.W.2d 915, 917 (1965). As the trial court noted, a pool becomes unreasonably dangerous only when there is a hidden defect or dangerous condition posing a risk of death or serious bodily harm. *See Grimes v. Hettinger*, Ky.App., 566 S.W.2d 769, 772 (1978). The appellants have not alleged that any such hazard was present in the Krafts' pool. The danger of Scifres striking his head on the side of the pool opposite from where he dove was as evident to Scifres as to the Krafts. The hosts were under no duty to warn their guests of a condition which was readily apparent.

We next address whether there is an issue of liability because the Krafts failed to supervise or control the activities in and

around the pool. *Grimes, supra* at 774, *citing* the Restatement (Second) of Torts § 318, indicates that the owner of a residential swimming pool may owe a duty to control boisterous conduct of guests which involves an unreasonable risk of bodily harm to other guests. This duty arises when the owner knew or should have known that he had the ability to control the third-parties' conduct and knew or should have known of the necessity and opportunity for exercising such control.[1] The right of the owner to control the conduct of his guests is derived from his right to control the property.

 In the broadest use of the term, the only alleged conduct which can be described as boisterous was the drinking of alcohol, the dancing, the one guest jumping into the pool naked, two others swimming, appropriately attired, in an ordinary manner, and the teasing of Scifres. It is alleged that this activity and conduct influenced Scifres to dive into the pool, and that had the Krafts monitored the conduct of the guests and stopped such conduct the injury would not have occurred. This is not the type of boisterous activity contemplated in *Grimes*. The horseplay to which *Grimes* speaks is that which poses a physical risk to the involuntary or unsuspecting victim or innocent bystander. *See generally, Martin v. Shea*, 432 N.E.2d 46 (Ind.Ct. App.1982); *Mangione v. Dimino*, 39 A.D.2d 128, 332 N.Y.S.2d 683 (1972).

Scifres concedes that he dove into the pool of his own volition. Although the accident was tragic, legal responsibility for Scifres' injury lies fully with him because the Krafts had no duty on these facts to guard against such an occurrence.

As the facts, taken in the light most favorable to Scifres, show the absence of a duty of care on the part of the Krafts, a prerequisite to the maintenance of a negligence action, there exists no genuine issue of material fact and the Krafts are entitled to judgment as a matter of law.

The summary judgment entered below is affirmed.

All concur.

---

1. § 318 of the Restatement provides:
 If the actor permits a third person to use land or chattels in his possession otherwise than as a servant, he is, if present, under a duty to exercise reasonable care so to control the conduct of the third person as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if the actor
 (a) knows or has reason to know that he has the ability to control the third person, and
 (b) knows or should know of the necessity and opportunity for exercising such control.