RENDERED: OCTOBER 1, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0865-MR

SUSAN BLOOD                                                        APPELLANT

v.
APPEAL FROM BATH CIRCUIT COURT
HONORABLE WILLIAM LANE, JUDGE
ACTION NO. 19-CI-90057

THE CITIZENS BANK (MOREHEAD, KY); DISCOVER
BANK; MOBILITIE INVESTMENTS II, LLC; AND
POWERTEL/MEMPHIS, INC.                                             APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  CLAYTON, CHIEF JUDGE; TAYLOR AND L. THOMPSON,
JUDGES.

THOMPSON, L., JUDGE:  Susan Blood, *pro se*, ("Appellant") appeals from a

default judgment, summary judgment, and order of sale entered by the Bath Circuit

Court in a residential property foreclosure action initiated by The Citizens Bank

("Appellee").  Appellant argues that the Bath Circuit Court erred in failing to rule

that the parties' mortgage was void and unenforceable. She raises a series of arguments asserting insurance fraud and mortgage fraud in support of her thesis that the underlying contracts were fraudulently induced and are therefore void. She also seeks compensatory and punitive damages. For the reasons addressed below, we find no error and affirm the judgment and order of sale on appeal.

## FACTS AND PROCEDURAL HISTORY

On December 12, 2013, Appellee executed a loan to Appellant in the amount of $28,507.61 for the purpose of refinancing an existing mortgage and note on a parcel of residential property in Bath County, Kentucky. The new note and mortgage were recorded in the Bath County Clerk's Office. The note provided for payments of principal and accrued interest beginning on January 5, 2014, and provided that Appellant must pay when due all taxes, charges, and assessments against the property, and keep the property insured.

On May 1, 2019, Appellee filed the instant foreclosure action in Bath Circuit Court. In support of the foreclosure, Appellee asserted that Appellant failed to maintain homeowner's insurance on the parcel and did not pay property taxes for the years 2015-2018 (inclusive). At the time of filing, Appellee alleged that Appellant had not made a mortgage payment in over a year. It asserted that these failures violated the terms of the loan documents and gave rise to Appellee's right to foreclose. On May 30, 2019, Appellant, *pro se*, filed a reply asserting what

Appellee characterizes as confusing and irrelevant defenses, but no denial of the underlying note, mortgage, and default.

On June 10, 2019, Appellee filed a motion for a summary judgment and order of sale. According to Appellee, Appellant responded with numerous, irrelevant pleadings including unfounded allegations of Appellee's fraud. A series of motions and pleadings were filed by the parties over the following months, which culminated in a judgment in favor of Appellee and order of sale entered on June 11, 2020.

Thereafter, the circuit court denied Appellant's motion to stay the sale and vacate the judgment. On July 16, 2020, Appellant posted a supersedeas bond, and this appeal followed.

## ARGUMENTS AND ANALYSIS

Appellant, without the benefit of counsel, now argues that the Bath Circuit Court committed reversible error in failing to recognize that the mortgage at issue is void and unenforceable under contract law. She asserts that the mortgage meets none of the elements of a contract, to wit, 1) offer and acceptance, 2) full and complete terms and conditions, and 3) consideration. Appellant also contends that the mortgage is unenforceable due to vagueness and Appellee's refusal to correct errors. She argues that numerous material facts are in dispute, which should have prevented the entry of summary judgment. Appellant

references a life insurance policy found at Appendix 8 of her written argument, which she claims is part of a scheme of life insurance fraud which "facilitates mortgage fraud." And lastly, Appellant engages in an extended argument asserting that the Bath Circuit Court's "[j]udgments contain both visible and hidden clauses which violate Appellant's due process and property rights to such extent they evidence fraud and illegality." In sum, Appellant seeks 1) an opinion reversing the judgment[1] on appeal, 2) findings that the contracts were fraudulently induced and are void, and 3) an award of compensatory and punitive damages.

The primary issue before us is whether the Bath Circuit Court properly granted summary judgment in favor of Appellee in the amount of $34,321.46, plus interest at the note rate of 3.99% beginning on February 20, 2020. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR[2] 56.03. "The record must be viewed in a light most favorable to the party opposing the

---

[1] The ruling on appeal is styled as a "Default Judgment, Summary Judgment and Order of Sale." The body of the ruling describes a summary judgment and order of sale in favor of Appellee and against Appellant, a default judgment against Powertel/Memphis, Inc. and summary judgment against Discover Bank and Mobilitie Investments II, LLC N/K/A SBA Monarch Tower II, LLC. For purposes of this appeal, only the summary judgment and order of sale against Appellant are at issue.

[2] Kentucky Rules of Civil Procedure.

motion for summary judgment and all doubts are to be resolved in his favor."

*Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991).

Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id*. "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

When viewing the record in a light most favorable to Appellant and resolving all doubts in her favor, we conclude that the record and the law support the Bath Circuit Court's entry of summary judgment. The record demonstrates that 1) Appellee is the holder of the note and mortgage, 2) Appellant is the maker of the note and mortgage, and 3) Appellant defaulted under the terms and conditions of her loan. Specifically, Appellant failed to pay taxes and insurance on the parcel for a period of four years. Payment of said taxes and insurance was required under the terms of the loan documents. In addition, Appellant failed to make loan payments for a period of 17 months, though Appellee acknowledges that this fact alone

would not have triggered a foreclosure. To cover Appellant's failure to pay taxes and insurance for four years, Appellee expended some $8,538.24. The breaking point occurred when Appellee was not willing to pay an additional $2,995.67 of Appellant's tax and insurance indebtedness.

Appellant does not deny executing the note and mortgage, and those documents, in addition to a perfected mortgage lien against the parcel, are recorded in the Bath County Clerk's Office. Appellant's various defenses, some of which are more akin to counterclaims, do not overcome the salient fact that the parties executed the note and mortgage, Appellant defaulted on their terms, Appellee expended substantial sums to pay Appellant's taxes and insurance on her behalf to protect its position, and that Appellee is entitled to recovery.

Appellant's claims of fraud, misrepresentation, and entitlement to compensatory and punitive damages from Appellee are misplaced and not persuasive. Appellant has fallen woefully short of proving the elements of fraud, *see United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999) (citation omitted), and her related arguments are equally unpersuasive. "The burden is on the party asserting fraud to establish it by clear and convincing evidence." *Wahba v. Don Corlett Motors*, *Inc.*, 573 S.W.2d 357, 359 (Ky. App. 1978) (citation omitted). Appellant has not met this burden, and we find no error.

# CONCLUSION

When viewed in a light most favorable to Appellant, and resolving all doubts in her favor, we conclude that there are no genuine issues as to any material fact and that Appellee is entitled to judgment as a matter of law and order of sale to enforce the judgment. The Bath Circuit Court properly so found. The parties executed a valid and recorded note and mortgage, Appellant defaulted on the note, and Appellee is entitled to recover its damages. For these reasons, we affirm the default judgment, summary judgment, and order of sale entered by the Bath Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Susan Blood, *pro se*
Owingsville, Kentucky

BRIEF FOR APPELLEE THE CITIZENS BANK (MOREHEAD, KY):

David A. Franklin
Natalie Damron McCormick
Lexington, Kentucky