RENDERED:  DECEMBER 6, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0110-MR

RICKY FOXALL AND RUTH ANN
FOXALL                                                                         APPELLANTS

|                                                    |
| APPEAL FROM WARREN CIRCUIT COURT |

v.     HONORABLE CHRISTOPHER T. COHRON, JUDGE
ACTION NO. 21-CI-01519

KEVIN ROGERS AND CINDY
SHUMATE                                                                          APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ECKERLE AND A. JONES, JUDGES.

THOMPSON, CHIEF JUDGE:  Ricky Foxall and Ruth Ann Foxall ("Appellants")

appeal from an order of the Warren Circuit Court granting the renewed motion of

Kevin Rogers and Cindy Shumate ("Appellees") for summary judgment.

Appellants argue that the circuit court erred in failing to rule that genuine issues of

material fact exist on the issue of whether they acquired a prescriptive easement on

real property owned by Appellees.  After careful review, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

Prior to 1998, Evelyn Smith ("Mrs. Smith") owned property in Warren County, Kentucky, which had frontage on Girkin Road and Anna Sandhill Road.  In December 1998, Appellants purchased a tract of Mrs. Smith's parcel.  In November 2020, Appellees purchased an adjoining parcel of about 32 acres with frontage also on Girkin Road.  Mrs. Smith had previously owned the parcel purchased by Appellees, though she was not the immediate predecessor title holder.

Prior to Appellants' purchase of their parcel, a driveway existed on the parcel which would later be purchased by Appellees.  Appellants and Mrs. Smith agreed that if Appellants purchased their parcel, they could use Mrs. Smith's driveway to access a barn on Appellants' parcel.  This agreement was incorporated in the purchase contract, which stated, "[b]uyers will have right of way to use driveway to get to property.  If damage to driveway is done by buyer, buyers will repair it as good as it was."  The deed later granted to Appellants was silent as to the driveway.

In the years that followed, Appellants used the driveway on Mrs. Smith's parcel regularly to access their barn. According to the record, Appellants maintained the driveway and spread gravel on it between 15 and 18 times.

After Appellees' purchase of their parcel in 2020, Appellants continued to use the driveway on Appellees' parcel. In late 2021, Appellees installed an unlocked gate between the street and the driveway, with Appellants continuing to use the driveway. Apparently upset that Appellants would not allow Appellees to use Appellants' pasture for Appellees' horses, Appellees placed a lock on the gate which barred Appellants access to the driveway.

Thereafter, Appellants filed a complaint and first amended complaint in Warren Circuit Court against Appellees asserting entitlement to a prescriptive easement on the driveway; easement by necessity; easement by dedication; and/or, easement by estoppel. They also sought to amend the deed to reflect the easement. The matter proceeded in Warren Circuit Court, resulting in the court ruling in favor of Appellees on all claims except the claim for a prescriptive easement.

Appellees then filed a motion for summary judgment on Appellants' sole remaining claim for a prescriptive easement. In support of the motion, Appellees argued that since Appellants' use of the driveway was at all times permissive, Appellants could never prove that their usage was adverse and hostile to Appellees if the matter proceeded to trial.

After considering the memoranda and arguments of counsel, the Warren Circuit Court rendered an order on January 7, 2024, granting Appellees' motion for summary judgment on Appellants' claim for a prescriptive easement. The basis for the court's order was its conclusion that Appellants' use of the driveway has at all times been permissive. Being permissive, the court reasoned that Appellants could not prove every element of a prescriptive easement. The court noted that while Appellants argued that they did not need anyone's permission to use the driveway based on the language in the real estate purchase contract, that language was not binding on Appellees and Appellees' deed was silent as to any driveway easement. The court went on to find that a prescriptive easement did not vest in 2013 as argued by Appellants, as the statutory period never began to run based on Appellants' permissive rather than hostile usage of the driveway. It granted Appellees' motion for summary judgment and this appeal followed.

## **STANDARD OF REVIEW**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure ("CR") 56.03. "The record must be

viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Appellants argue that the Warren Circuit Court erred in granting summary judgment in favor of Appellees. They maintain that genuine issues of material fact remain for adjudication and that Appellees are not entitled to a judgment as a matter of law. Specifically, Appellants assert that they are entitled to move forward on their claim of entitlement to a prescriptive easement, and that the Warren Circuit Court erred in failing to so rule.

In support of this argument, Appellants direct our attention to *Columbia Gas Transmission Corp. v. Consol of Kentucky, Inc.*, 15 S.W.3d 727,

730 (Ky. 2000), which sets out the elements of a prescriptive easement. Per *Columbia Gas*, in order to demonstrate entitlement to a prescriptive easement, one must provide evidence of acquisition of the easement by 1) actual use; 2) use that is considered hostile to the property owner; 3) open and notorious use; 4) exclusive use; and, 5) continuous use for the statutory period of 15 years. *Id.* Appellants acknowledge that permissive use of the driveway would be fatal to their claim for a prescriptive easement. They argue, however, that they never needed permission to use the driveway because that right was granted to them by Mrs. Smith in the original real estate purchase agreement.

In examining the purchase agreement, the Warren Circuit Court determined that it merely memorialized the permission given by Mrs. Smith to Appellants allowing them to use the driveway on her property. This conclusion is supported by the record and the law. No language granting an easement is referenced in neither Appellants' nor Appellees' deeds. The circuit court correctly found from the record and the parties' testimonies that Appellants' usage of Mrs. Smith's driveway was permissive.

As noted by Appellees,

> it is well-established that if the right to use a passway at its inception is permissive, the existence of a prescriptive easement or even a presumption of a claim of right does not arise unless there has been some distinct and positive act of assertion of right made clearly known to the owner of the servient tenement. *The right to use a passway as a*

> *prescriptive easement cannot be acquired no matter how long the use continues if it originated from permission by the owner of the servient tenement.*

*Cole v. Gilvin*, 59 S.W.3d 468, 475-76 (Ky. App. 2001) (footnotes and citations omitted) (emphasis added).

Appellants' usage of the driveway originated from permission of the servient tenement, *i.e.*, the Smith parcel which later became Appellees' parcel. Even after Appellees' purchase of their parcel, Appellants continued to ask permission to use the driveway. Mr. Foxall texted Appellees at one point, asking "[h]ey cindy and kevin . . . since it will rain tomorrow and most of next week . . . would it be ok if I come down around 3ish to get my trailer b4 it gets to muddy [sic] . . . thanks just let me know[.]" Mr. Rogers responded, "[y]ep. Gate is open. Just let me know when done so I don't close it before you get here."[1] Appellants' request for permission ("would it be ok if I come down around 3ish to get my trailer") is in opposition to their claim of hostile and exclusive use of the driveway per *Columbia Gas*.

## CONCLUSION

The Warren Circuit Court properly determined that Appellants' use of the driveway on Appellees' parcel was permissive. As such, they could not prevail on their claim for a prescriptive easement if the matter proceeded to trial. The

---

[1] Record on Appeal at p. 202.

-7-

circuit court correctly concluded that there were no genuine issues as to any material fact, and that Appellees were entitled to a judgment as a matter of law. *Scifres*, *supra*. Accordingly, we find no error and affirm the order of the Warren Circuit Court granting Appellees' renewed motion for summary judgment.


ALL CONCUR.


BRIEFS FOR APPELLANTS:

Matthew J. Baker
Bowling Green, Kentucky

BRIEF FOR APPELLEES:

Christopher T. Davenport
Bowling Green, Kentucky