## H. G. GATLIN v. G. C. HARRISON et al.*

### (Jackson, April Term, 1927.)

#### Opinion filed July 16, 1927.

AUTOMOBILE OF NON-RESIDENT TRANSPORTING PASSEN-
GERS FOR HIRE, BOTH INTERSTATE AND INTRASTATE.
Privilege tax.

A non-resident complying with the law of his domicile operating an
automobile from that place to a point in this State, transporting
passengers for hire, both interstate and intrastate, will be re-
quired to comply with our law, requiring the registration of such
car in this State, and payment of a privilege tax for doing busi-
ness in Tennessee. (Post, p. 562.)

Citing: Acts 1917, ch. 73; Clark et al. v. Poor et al., Supreme Court,
U. S. (May 31, 1927) and authorities there cited.

---

*On the question as to power of municipality to lay license tax upon
automobile of nonresident, see annotation in 1 L. R. A. (N. S.), 218;
2 R. C. L., 1180; 1 R. C. L. Supp., 717; 5 R. C. L. Supp., 130; 6 R. C.
L. Supp., 127.

---

*Headnotes 1. Licenses, 37 C. J., section 134; 2. Commerce, 12 C.
J., section 141; 3. Commerce, 12 C. J., section 141.

---

#### FROM HARDIN.

---

Appeal from Circuit Court of Hardin County.—HON.
J. A. ENGLAND, Judge.

Ross & BALLEW, for plaintiff in error.

T. J. MURRAY, District Attorney, SHELTON & HARBERT
and EDWIN BUFORD, for defendant in error.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

Gatlin operates as a common carrier a five passenger Dodge automobile between his home in Corinth, Mississippi, and Savannah, in Hardin county, Tennessee. He transports passengers for hire both interstate and intrastate. He has complied with the laws of Mississippi, but has neither registered his car in this State nor paid a privilege tax for doing business in Tennessee. Refusing to comply with our law, the County Court clerk of Hardin County issued a distress warrant for the fee and tax due and placed same in the hands of an officer for execution. Thereupon Gatlin paid same under protest, and within thirty days instituted suit to recover the sum so paid.

In our opinion, Gatlin was liable for this fee and tax and is not entitled to recover either.

The case was tried in the Circuit Court upon a stipulation of facts, which raise but two questions: (1) Whether he is liable for the registration fees since he is a resident and citizen of Mississippi, where he had registered said automobile and paid the fees required, and (2) is he liable for the privilege tax since he is engaged in interstate commerce?

Replying to the first proposition, it is sufficient to say that chapter 73 of the Acts of 1917 exempts automobiles registered in another State and operated in this State for thirty days. The stipulation does not say how long Gatlin had been operating his automobile in Tennessee, but, in the absence of any evidence to the contrary, we will not presume that the clerk issued the warrant until Gatlin became delinquent. In the second place, the burden is upon Gatlin to show that he was not liable for the fee paid.

Gatlin operated this car daily in Tennessee, and it would be most unjust to permit him to use our roads without making any contribution to their upkeep and repair when our citizens are taxed for that purpose. To so hold would be to discriminate against our own people.

That the fee and tax are legal is well supported by the authorities. The Supreme Court of the United States, on May 31, 1927, in *Benjamin H. Clark et al.* v. *George T. Poor et al.*, constituting the Public Utilities Commission of Ohio, said:

"The Ohio Motor Transportation Act of 1923 as amended, General Code, sections 614-84 to 614-102, provides that a motor transportation company desiring to operate within the State shall apply to the Public Utilities Commission for a certificate so to do and shall not begin to operate without first obtaining it; also, that such a company must pay, at the time of the issuance of the certificate and annually thereafter, a tax graduated according to the number and capacity of the vehicles used. Sections 614-87, 614-94.

"Clark and Riggs operate as common carriers a motor truck line between Aurora, Indiana, and Cincinnati, Ohio, exclusively in Interstate Commerce. They ignored the provisions of the act, and operated without applying for a certificate or paying the tax. Then they brought this suit, in the Federal Court for southern Ohio, to enjoin the Commission from enforcing as against them the provisions of the act. The case was heard in the district court before three judges on final hearing, under section 266 of the Judicial Code as amended by the Act of February 13, 1925. It appeared that while the act calls the certificate one of 'public convenience and necessity,' the Commission had recognized, before this suit was begun, that, under *Buck* v. *Kuykendall*, 267 U. S., 307

and *Bush* v. *Maloy*, 267 U. S., 317, it had no discretion where the carrier was engaged exclusively in Interstate Commerce, and was willing to grant to plaintiffs a certificate upon application and compliance with other provisions of the law. See *Cannon Ball Transportation Co.* v. *Public Utilities Commission*, 113 Ohio St., 565, 567. The bill was dismissed. It is here on direct appeal. This court has jurisdiction as an interlocutory injunction had been applied for and a restraining order issued. *Moore* v. *Fidelity & Deposit Co.*, 272 U. S., 317, 320-321; *Smith* v. *Wilson*, No. 648, decided Feb. 21, 1927.

"The plaintiffs claim that, as applied to them, the Act violates the commerce clause of the Federal Constitution. They insist that, as they are engaged exclusively in Interstate Commerce, they are not subject to regulation by the State; that it is without power to require that before using its highways they apply for and obtain a certificate; and that it is also without power to impose, in addition to the annual license fee demanded of all persons using automobiles on the highways, a tax upon them, under section 614-94, for the maintenance and repair of the highways and for the administration and enforcement of the laws governing the use of the same. The contrary is settled. The highways are public property. Users of them, although engaged exclusively in Interstate Commerce, are subject to regulation by the State to ensure safety and convenience and the conservation of the highways. *Morris* v. *Duby*, No. 372, decided April 18, 1927. Users of them, although engaged exclusively in Interstate Commerce, may be required to contribute to their cost and upkeep. Common carriers for hire, who make the highways their place of business, may properly be charged an extra tax for such use. *Hendrick* v. *Mary-*

*land,* 235 U. S. 610; *Kane* v. *New Jersey,* 242 U. S., 160; *Hess* v. *Pawloski,* No. 263, decided May 16, 1927. Compare *Packard* v. *Banton,* 264 U. S., 140, 144.

"There is no suggestion that the tax discriminates against Interstate Commerce. Nor is it suggested that the tax is so large as to obstruct Interstate Commerce. It is said that all of the tax is not used for maintenance and repair of the highways; that some of it is used for defraying the expenses of the Commission in the administration or enforcement of the act; and some for other purposes. This, if true, is immaterial. Since the tax is assessed for a proper purpose and is not objectionable in amount, the use to which the proceeds are put is not a matter which concerns the plaintiffs."

The case under consideration was instituted to recover the fees paid, upon the grounds heretofore stated, and since we hold that Gatlin is not entitled to such relief, the question of the validity of the distress warrant becomes of no importance, and, at most, only involves four or five dollars in costs.

In view of the remedy employed, the allegations in the stipulation, etc., we are of the opinion that Gatlin is entitled to no relief, and his suit will be dismissed.