**Ida COZINE, Appellant,**

v.

**Mary E. SHUFF, Appellee.**

Court of Appeals of Kentucky.

May 1, 1964.

Fielden Woodward and Kenneth L. Anderson, Woodward, Hobson & Fulton, Louisville, for appellant.

D. H. Robinson & Joseph W. Cambron, Cambron, Harvin & Robinson, Louisville, for appellee.

TERILL A. WILSON, Special Commissioner.

Seventy-five-year-old Mary E. Shuff brought this action against her sister, Ida Cozine, asking for $27,000 in damages for personal injuries resulting from a fall on the kitchen floor in her sister's home. The jury awarded her $5,854.97 and judgment was entered accordingly. Mrs. Cozine has appealed, seeking a reversal of the judgment for the following reasons:

1. The evidence failed to show any negligence on the part of the defendant.

2. The testimony showed, as a matter of law, that plaintiff was guilty of contributory negligence.

3. There was no evidence of causal relationship between any claimed negligence of Mrs. Cozine and any injury to Mrs. Shuff.

4. Mrs. Shuff at time of the accident was a social guest at the home of Mrs. Cozine, was a licensee, and no duty to plaintiff was violated by the defendant.

The facts briefly stated are as follows: Mrs. Cozine became ill beyond her ability to do her house work, and failing to so advise her husband who left for his work, she had her sister Mrs. Shuff come to her home around 3:00 p. m. to help her. After she had been sitting for a while near her sister's bedside, she was requested by Mrs. Cozine to close the back door of the kitchen to cut off a draft, and while so doing she slipped and fell, seriously injuring herself. She was lifted from the floor by Mrs. Cozine at a spot where the evidence indicated some lard had fallen from Mrs. Cozine's dog platter earlier in the day, and of which Mrs. Shuff had not been apprised. A relative took her to the hospital where she remained for several weeks in apparent pain and suffering. The extensive pain and aggravated injuries are not questioned, nor is the amount allowed for damages contested.

■ The Court will consider the points raised by defendant in the order heretofore stated, namely: (1) "The evidence failed to show any negligence on the part of the defendant." This Court believes otherwise. The record fully discloses that Mrs. Cozine spilled grease, described as lard, on her linoleum floor, of which she knew, and about which she failed to advise her sister who had no such knowledge of this deceptively hazardous object. In City of Madisonville v. Poole, Ky., 249 S.W.2d 133, the Court discussed the duties of a possessor of property to persons invited therein. There the Court held the defendant to be negligent in maintaining the premises and said:

"If the possessor knows, or by the exercise of ordinary care or reasonable diligence could discover a natural or artificial condition which, if known, he should realize involves an unreasonable risk to the invitee and does not remedy the condition or serve fair warning of peril, he is negligent."

■ The Court will consider the second contention of the defendant: (2) "The testimony showed, as a matter of law, that plaintiff was guilty of contributory negligence." This Court does not so believe, and consequently does not so hold. The lard having been deposited on the floor by the careless act of the defendant was deceptively concealed by the color of the rug. It is apparent that this hazardous substance was unobservable except by a minute inspection, and that a person of ordinary prudence would not have seen lard blended against a similar coloring on a kitchen linoleum. In Kentucky and West Virginia Power Company v. Goodman, Ky., 257 S.W.2d 553, the rule is thus stated:

"Before one as a matter of law can be held to have been so contributorily

negligent as to be denied a recovery because of having exposed himself to a known danger, the danger must be so imminent and obvious that a person of ordinary prudence, under like circumstances and with like knowledge, would not subject himself to it."

■ The third contention of the defendant is: (3) "There was no evidence of causal relationship between any claimed negligence of Mrs. Cozine and any injury to Mrs. Shuff." This Court finds there was sufficient evidence to connect the cause with the effect. There was an unwarned, careless act of the defendant; then a fall and resulting injuries to the plaintiff. Mrs. Cozine was asked,

"Now, Mrs. Cozine, wasn't there grease on the floor where Mrs. Shuff fell?"

She replied:

"But I dropped the grease and didn't clean it up. * * * And there was where she scooted and fell."

Unquestionably this evidence alone connects the negligent act of the defendant with the injuries of the plaintiff.

■ Coming now to the fourth contention of the defendant: (4) "Mrs. Shuff at the time of the accident was a social guest at the home of Mrs. Cozine, was a licensee, and no duty to plaintiff was violated by the defendant."

From the evidence in this record, this Court finds that Mrs. Shuff was an invitee and not a licensee. The facts in this case fully and conclusively disclose that Mrs. Cozine *invited* her sister to come and help her keep house while she was sick. She responded, no doubt, out of compassion and love for her sister, and while so engaged, whether gratuitously or on a monetary basis, she was injured while on a call of devoted duty.

In defining the distinction between an invitee and a licensee, the Court stated in Scuddy Coal Company v. Couch, Ky., 274 S.W.2d 388:

"[T]he distinction between an invitee and a licensee is oftentimes shadowy and indistinct. * * * An invitee enters upon the premises at the express or implied invitation of the owner or occupant on business of mutual interest to them both, or in connection with business of the owner or occupant. A licensee enters by express invitation or implied acquiescence of the owner or occupant solely on the licensee's own business, pleasure or convenience."

In a California case, Cain v. Friend, 171 Cal.App.2d 806, 341 P.2d 753, the Court said:

"Where the services are for the benefit of the occupant of the premises, the fact that they are performed gratuitously does not negative the performer's status as an invitee. * * * Even where the benefit to the occupant is intangible, the one rendering services may rely on them to establish his status as an invitee."

■ In holding that Mrs. Shuff was an invitee of the defendant, it follows as a matter of law that Mrs. Cozine owed the plaintiff the duty of ordinary care, hence the obligation of warning her of the dangerous condition of her kitchen floor.

The Court properly instructed the jury on all issues presented, and the verdict being within the limits of temperance and reason, considering our present day devaluated dollar, finds no errors of a prejudicial nature. It is therefore our opinion that the judgment should be affirmed.

The opinion is approved and the judgment is affirmed.