OPINION OF THE COURT BY JUSTICE VANMETER
Visitors to property are classified according to one's purpose in entering the property and whether such entry is with the consent of the property's possessor. The standard of care the possessor must exercise depends on whether the visitor is present without the possessor's consent, i.e., a trespasser; with the possessor's consent, i.e., a licensee; or with the possessor's consent as a member of the public for whom the property is held open or for the possessor's business, i.e. , an invitee. In this case, Bonnie Smith was injured while at her daughter Barbara's house. The issue we must decide is whether the Knox Circuit Court erred in giving jury instructions which failed to account for Bonnie's status and misstated the duty of care owed by Barbara. We hold that the trial court did err, as did the Court of Appeals by affirming the trial court's judgment. We therefore reverse the lower courts' respective opinions and remand this matter for further proceedings consistent with this opinion.
I. Factual and Procedural Background.
On May 31, 2013, Bonnie arrived at her daughter Barbara's house. Barbara claims that Bonnie came over on her own accord to visit her great-granddaughter, whereas Bonnie claims she was asked to come over by Barbara to babysit her great-granddaughter after Barbara's long shift at work. Prior to Bonnie's arrival, Barbara had mopped the back deck with a soapy substance, making it slick and slippery. When Bonnie arrived, Barbara told her that the child was in the backyard, and Bonnie went through the house to the back deck to see her. Bonnie slipped and fell on the deck and suffered a serious injury to her right leg.
Bonnie filed a complaint against Barbara and the case proceeded to trial. At trial, Bonnie testified that she could tell the floor was wet, but did not know of the *16 floor's slick, soapy condition. Bonnie's grandson testified that the soap was visible. Barbara moved for a directed verdict at both the close of Bonnie's case and at the close of trial, on grounds that Bonnie was a licensee, and uncontroverted evidence showed that the danger was not hidden, thus preventing Barbara from being liable. Both motions were denied. The trial court also rejected Barbara's jury instruction regarding Bonnie's status as a licensee, choosing instead to give a general "ordinary care" instruction to the jury, as it determined that Kentucky no longer followed the traditional premises liability distinctions.
The jury rendered a verdict in favor of Bonnie and apportioned 100% of the fault upon Barbara. The trial court denied Barbara's post-trial motion for judgment notwithstanding the verdict ("JNOV"). The Court of Appeals affirmed. On appeal, Barbara claims that (1) the trial court improperly instructed the jury regarding the law of premises liability, and (2) the trial court should have directed a verdict in Barbara's favor because of Bonnie's apparent status as a licensee and testimony that the danger was not hidden.
II. Standard of Review.
We begin by looking at the standard of review for both improper jury instructions and directed verdict motions. On appellate review, "the substantive content of the jury instructions will be reviewed de novo ." Sargent v. Shaffer, 467 S.W.3d 198, 204 (Ky. 2015). If the applicable law given through the instruction is incorrect, the error is presumed to be prejudicial. Harp v. Commonwealth, 266 S.W.3d 813, 818 (Ky. 2008).
Furthermore, "the considerations governing a proper decision on a motion for judgment notwithstanding the verdict are exactly the same as those ... on a motion for a directed verdict[.]" Cassinelli v. Begley, 433 S.W.2d 651, 652 (Ky. 1968). "The trial court must draw all fair and reasonable inferences from the evidence in favor of the party opposing the motion[.]" Commonwealth v. Sawhill, 660 S.W.2d 3, 5 (Ky. 1983). Accordingly, a directed verdict should not be granted unless "there is a complete absence of proof on a material issue or if no disputed issues of fact exist upon which reasonable minds could differ." Bierman v. Klapheke, 967 S.W.2d 16, 18-19 (Ky. 1998). Lastly, "[t]he decision of the trial court will stand unless it is determined that 'the verdict rendered is palpably or fragrantly against the evidence so as to indicate that it was reached as a result of passion or prejudice.' " Indiana Ins. Co. v. Demetre, 527 S.W.3d 12, 25 (Ky. 2017) (quoting Lewis v. Bledsoe Surface Mining Co., 798 S.W.2d 459, 461-62 (Ky. 1990) ).
III. Analysis.
In a slip and fall case, a plaintiff must prove negligence on the part of the defendant. The first step in proving negligence is determining what duty, if any, the defendant owed the plaintiff. In the Commonwealth, under the doctrine of premises liability, "a landowner has a general duty to maintain the premises in a reasonably safe manner; and the scope of that duty is outlined according to the status of the plaintiff ." Shelton v. Kentucky Easter Seals Soc'y, Inc., 413 S.W.3d 901, 909 n.28 (Ky. 2013) (emphasis added).
A. The "Ordinary Care" Instruction Misstated the Law of Premises Liability.
At trial, the court discussed with counsel several recent premises liability cases and concluded that those cases "came pretty close to getting rid of the licensee/invitee distinction." Instead of instructing the jury *17 as to the difference between a licensee and an invitee, and a possessor's duties to them, the judge simply gave the following instruction:
INSTRUCTION NO. 1
It was the duty of the Defendant, Barbara Smith, to exercise ordinary care to maintain her premises in a reasonably safe condition for use of her guests, including the Plaintiff, Bonnie Smith. "Ordinary care" as used in this instruction generally means such care exercised by a reasonable and prudent person under similar circumstances.
QUESTION NO. 1
Do you find from the evidence that the Defendant, Barbara Smith, violated her duty as set forth in Instruction No. 1, and that such failure was a substantial factor in causing the accident?
This instruction was erroneous. When interpreting the doctrine of premises liability, this Court has followed the Restatement (Second) of Torts (1965). In Shelton, we held that Section 343A, regarding open and obvious conditions, did not "shield a possessor of land from liability because a duty does not extend to the plaintiff[.]" 413 S.W.3d at 908. In like manner, this Court, when interpreting the attractive nuisance doctrine, followed the Restatement (Second) of Torts, holding that "a possessor of land is subject to liability if he 'knows or should know that the place is one upon which children are likely to trespass and that the condition is one with which they are likely to meddle.' " Mason v. City of Mt. Sterling, 122 S.W.3d 500, 507 (Ky. 2003) (quoting Restatement (Second) of Torts § 339 cmt. e). Today, in the same fashion, we continue to follow the Restatement (Second) of Torts §§ 329 - 343, as "Kentucky law remains steadfast in its adherence to the traditional notion that duty is associated with the status of the injured party as an invitee, licensee, or trespasser." Shelton, 413 S.W.3d at 909.[1]
The Commonwealth has followed this common law approach to the scope of a possessor's duty for well over one-hundred years. See S. R.R. Co. v. Goddard, 121 Ky. 567, 574-75, 89 S.W. 675, 676 (1905) (discussing several authorities on duties owed to licensees, trespassers, and those who were on the premises by invitation). Under the Restatement (Second) of Torts § 330, a licensee is defined as a "person who is privileged to enter or remain on land only by virtue of the possessor's consent." A possessor of land owes a licensee a duty to "not knowingly let[ ] her come upon a hidden peril or willfully or wantonly caus[e] her harm."[2] Terry v. Timberlake, 348 S.W.2d 919, 920 (Ky. 1961).
On the other hand, an invitee is "either a public invitee or a business visitor." Restatement (Second) of Torts § 332. In contrast to a licensee, an invitee is owed a duty of "reasonable care," such that an *18 invitee "enters the premises with the implied assurance of preparation and reasonable care for his protection and safety while he is there."[3] Id. at § 34 1A cmt. a. This duty extends beyond the protection owed a licensee and protects the invitee from "the risk of harm from activities of which the invitee knows or has reason to know, where it may reasonably be expected that he will fail to protect himself notwithstanding such knowledge." Id.
The duties of a possessor based on whether an entrant is an invitee or a licensee are clearly different. A single "ordinary care" jury instruction does not properly instruct the jury on land entrant classifications, nor a possessor's duty based upon the land entrant's classification. When previously asked to eradicate land entrant classifications, this Court held that "[t]here is nothing illogical or unfair in requiring violation of a duty before liability can be imposed[.]" Kirschner v. Louisville Gas & Elec. Co., 743 S.W.2d 840, 844 (Ky. 1988). Today, as in Kirschner, we reject the assertion that we should abolish the classifications of trespasser, licensee, and invitee. Accordingly, the substantive content of the instruction was a misstatement of law and, as such, was presumptively prejudicial. Furthermore, the error was not harmless, because the instruction effectively removed the step of establishing the scope of the duty owed to Bonnie as either a licensee or invitee, and whether, based on her classification , Barbara breached her duty of "reasonable care under the circumstances." Perry v. Williamson, 824 S.W.2d 869, 875 (Ky. 1992). Accordingly, we reverse.
B. Barbara was Not Entitled to a Directed Verdict or JNOV.
Barbara next argues that she was entitled to a directed verdict. She urges the Court to recognize that Bonnie was a licensee, owed only a duty from Barbara to warn of hidden dangers. Furthermore, she argues that testimony from Bonnie's grandson that the deck was visibly soapy and wet was uncontroverted and thus, the danger was not hidden, requiring a verdict in Barbara's favor. Based on the following reasons, this Court finds no error as to the denial of the directed verdict and JNOV motions.
As noted above, a directed verdict should not be granted unless "there is a complete absence of proof on a material issue or if no disputed issues of fact exist upon which reasonable minds could differ." Bierman, 967 S.W.2d at 18-19. Two material issues exist: (1) what was the status of Bonnie when she was on Barbara's premises, and (2) if Bonnie was a licensee, did Barbara owe her a duty to warn her that the deck was soapy?
First, a dispute exists as to whether Bonnie was a licensee or an invitee. Barbara argues that Bonnie came over to her house on her own accord. Bonnie argues that she was invited over to babysit her great-granddaughter, albeit gratuitously. This Court has previously held that a family member invited to assist another "whether gratuitously or on a monetary basis" was an invitee.[4]
*19 Cozine v. Shuff, 378 S.W.2d 635, 637 (Ky. 1964). The Cozine court opined that " '[w]here [ ] services are for the benefit of the occupant of the premises, the fact that they were performed gratuitously does not negative the performer's status as an invitee.' " Id. (quoting Cain v. Friend, 171 Cal.App.2d 806, 341 P.2d 753, 754-55 (1959) ). Accordingly, no directed verdict is warranted when two competing theories exist as to the status of a land entrant, and a certain model instruction should be used when a conflict exists as to the status of the land entrant. See Palmore & Cetrulo, Kentucky Instructions to Juries , Civil § 24.12 (6th ed. 2017) (Section titled, Liability of Possessor; Duties Dependent on Whether Injured Party Was an Invitee or Licensee ).
Lastly, if retrial occurs and the evidence put forth classifies Bonnie as a licensee, there remains the question of whether Barbara satisfied her duty owed to licensees. The testimony given by Bonnie's grandson was not uncontroverted. Although he described the condition of the deck as visible, Bonnie merely described what she saw was a "wet" deck, not a wet and soapy deck. Whether or not Barbara met the standard of care, as defined by Bonnie's potential status as a licensee, is a factual determination to be made by the jury under the guidance of a proper premises liability instruction. Thus, no error occurred in the denial of the directed verdict and JNOV motions.
IV. Conclusion.
A directed verdict was not warranted, as there remain factual disputes on at least two material issues. Furthermore, this Court has never strayed from the three separate land entrant classifications defined in the Restatement (Second) of Torts and does not elect to do so today. We reverse the Court of Appeals and the trial court and remand the case for further proceedings as neither the jury instruction nor the Court of Appeals' opinion described the correct state of premises liability law in the Commonwealth. If retrial occurs, the trial court should use an instruction which describes the duties owed to a land entrant based upon the land entrant's status, not a general "ordinary care" instruction.
All sitting. Cunningham, Hughes, Keller, VanMeter, and Wright, JJ., concur. Minton, C.J., dissents by separate opinion in which Venters, J., joins.

In another case decided today, Hayes v. D.C.I. Properties, LLC, 2017-SC-000340, 563 S.W.3d 619, 2018 WL 6570551 (Ky. Dec. 13, 2018), we emphasize our adherence to maintaining distinctions based on a land entrant's status at the time of injury.

The language from the Restatement (Second) of Torts § 342 states:
A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land if, but only if,
(a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, and
(b) he fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, and
(c) the licensees do not know or have reason to know of the condition and the risk involved.

This language is virtually reiterated in Section 343 discussing invitees and dangerous conditions on the premises: "[A]n invitee enters upon an implied representation or assurance that the land has been prepared and made ready and safe for his reception." Restatement (Second) of Torts § 343.

In McClure v. Rich, 95 S.W.3d 620, 625-26 (Tex. Ct. App. 2002), the Texas Court of Appeals discussed this same issue and summarized existing case law in state courts regarding when gratuitous service makes one an invitee:
[T]his Court has held that an invitee is one whose presence serves the possessor's economic interest. Buchholz v. Steitz, 463 S.W.2d 451, 453 (Tex. Ct. App. 1971). Accordingly, when a homeowner receives an economic benefit from the presence of a person whom the homeowner has asked to help, the person is an invitee. See id. ; see also Baldwin v. Gartman, 604 So.2d 347, 350 (Ala. 1992) (neighbor an invitee when homeowner derived benefit from neighbor coming onto land to assist in moving slabs to form path); Atkinson v. Ives, [127 Colo. 243,] 255 P.2d 749, 752 ( [Colo.] 1953) (to be invitee, "plaintiff would have to be on defendant's property by invitation, express or implied, for some purpose of interest or advantage to defendant"); Hottmann v. Hottmann, [226 Mich.App. 171,] 572 N.W.2d 259, 260-61 ( [Mich. App.] 1997) (brother an invitee when on property owner's premises to perform services beneficial to owner who enlisted brother's help in installing roof); Durst v. Van Gundy, [8 Ohio App.3d 72,] 455 N.E.2d 1319, 1321 ( [Ohio App.] 1982) (father an invitee when on owner's property at host's invitation for purpose in which host had a beneficial interest, i.e., installation of security light); Schlicht v. Thesing, [25 Wis.2d 436,] 130 N.W.2d 763, 765-66 ( [Wis.] 1964) (grandmother an invitee when gratuitously performing babysitting services at request of homeowner).