RENDERED: NOVEMBER 6, 2020; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1598-MR

PAMELA KAY OSBORNE                                          APPELLANT

v.
APPEAL FROM JOHNSON CIRCUIT COURT
HONORABLE JOHN DAVID PRESTON, JUDGE
ACTION NO. 19-CI-00010

EDDIE PORTER, JR.                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, MCNEILL, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: Pamela Kaye Osborne[1] (Appellant) appeals from a

summary judgment of the Johnson Circuit Court in favor of Eddie Porter, Jr.

(Appellee). Appellant argues that genuine issues of material fact remain on the

---

[1] Appellant's name is spelled "Pamela Kay Osborne" in the notice of appeal, and "Pamela Kaye Osborne" in the remainder of the record. "Kaye" appears to be the correct spelling, but we must style the case as it appears in the notice of appeal.

question of whether she was a licensee or invitee when she slipped and fell at Appellee's residence, and whether her injuries were foreseeable. For the reasons addressed below, we find no error and affirm the summary judgment on appeal.

## FACTS AND PROCEDURAL HISTORY

On January 18, 2018, Appellant visited Appellee's residence for the purpose of laundering some clothes, sweeping the floors, and socializing. Appellant is Appellee's step-daughter. Appellant's mother, who is married to Appellee, and two cousins reside at the residence. Appellant has been visiting the residence regularly for 15 or 20 years. When Appellant arrived at the residence around 11:00 a.m., she observed that approximately one inch of snow covered the ground, sidewalk, and street. She would later testify that she did not believe it was a dangerous condition. Upon arriving, Appellant walked from her vehicle to the house through the snow, leaving footprints.

Appellant stayed at the residence approximately five or six hours. When she exited the house, the conditions were about the same as when she arrived, and she was aware of the snow on the ground. As she returned to her vehicle, and while walking on a concrete slab, she slipped and fell. Appellant suffered serious injuries including a broken wrist and arm.

On January 7, 2019, Appellant filed the instant action against Appellee in Johnson Circuit Court. Appellant alleged that Appellee had a duty to

-2-

keep the premises in a reasonably safe condition, that he breached this duty by failing to remove snow from the walkway, and that, as a direct result, Appellant sustained physical injuries, pain and suffering, and medical bills. The matter proceeded in Johnson Circuit Court, with discovery being conducted and the matter set for trial in April 2020. On July 3, 2019, Appellee filed a motion for summary judgment. In support of the motion, Appellee asserted that Appellant was a licensee rather than an invitee, and that he breached no duty to Appellant.

On August 6, 2019, the Johnson Circuit Court rendered a summary judgment in favor of Appellee. The circuit court found that Appellee was not aware that Appellant was coming to his home that day, that Appellee was not present when Appellant visited, and that Appellee was not aware Appellant had fallen until he got home. After addressing the difference between a licensee and invitee, the court determined that in either instance the duty of care to others only applies if the injury is foreseeable. Without expressly determining whether Appellant was a licensee or invitee, the court concluded that since Appellee had no knowledge that Appellant would come to his house that day, and was not home during her visit, the injury Appellant sustained was not foreseeable by Appellee. As such, the court determined that Appellee did not breach a duty to Appellant and was entitled to summary judgment. This appeal followed.

## ARGUMENT AND ANALYSIS

Appellant argues that the Johnson Circuit Court erred in granting Appellee's motion for summary judgment. She contends that there remain genuine issues of material fact as to whether she is properly characterized as a licensee or invitee during her visit to Appellee's residence. Appellant asserts that the circuit court improperly found that she was a licensee and incorrectly concluded that the injuries she suffered were not foreseeable. Appellant argues that she had an open invitation to visit Appellee's home, that by virtue of doing laundry and cleaning the residence she arguably conducted "business dealings with the possessor of the land" establishing her as an invitee, and these factors raise genuine issues which can only be resolved at trial. Appellant's argument centers on her contention that summary judgment was premature and unwarranted. She seeks an opinion reversing the summary judgment and remanding the matter to the Johnson Circuit Court for trial.

As the parties are well aware, the duty owed by a homeowner to a visitor is based on the visitor's legal status of licensee, invitee, or trespasser. *Smith v. Smith*, 563 S.W.3d 14, 17 (Ky. 2018). A licensee is a person who is privileged to enter the land only by the possessor's consent. *Id.* (citing RESTATEMENT (SECOND) OF TORTS §330). To such a person the possessor owes a duty not to knowingly allow him or her to encounter a hidden peril, or willfully or wantonly

cause him or her harm.  *Id.*  In contrast, an invitee is a "public invitee or a business visitor."  *Id.* (quoting RESTATEMENT (SECOND) OF TORTS §332).  An invitee is owed a duty of reasonable care consisting of an implied assurance of preparation and reasonable care for his or her protection and safety.  *Id.* at 17-18.  In either instance, a duty must be violated before liability can be imposed.  *Id.* at 18.

Contrary to Appellant's claim, the Johnson Circuit Court did not expressly determine whether she was a licensee or invitee at Appellee's residence. Rather, the court concluded that irrespective of Appellant's status, any duty imposed on the possessor of land includes a component of foreseeability.  The court found that the injury to Appellant brought about by the snow on the walking surface was not foreseeable by Appellee because he did not invite her to his residence that day, he was not home when she was there, and he did not learn of her injury until after she had left.

"The scope of duty . . . includes a foreseeability component involving whether the risk of injury was reasonably foreseeable."  *Lewis v. B & R Corp.*, 56 S.W.3d 432, 437 (Ky. App. 2001) (footnote omitted).  The duty to provide reasonable care applies only if the injury is foreseeable.  *Isaacs v. Smith*, 5 S.W.3d 500, 502 (Ky. 1999).  "[F]oreseeability is to be determined by viewing the facts as they reasonably appeared to the party charged with negligence, not as they appear

based on hindsight." *James v. Wilson*, 95 S.W.3d 875, 892 (Ky. App. 2002) (footnote omitted).

Appellant asserts that Appellee always welcomed her into his home and that he "treated me like a Queen & took care of me[.]"[2] It is on this basis that she claims Appellee should have foreseen her presence on the date of the injury. Appellant acknowledges, however, that she is unsure whether Appellee was home when she visited. Appellee states that, having left before she arrived, he was not aware of her visit or injury until Appellant had departed and he returned home.

We must also note that an invitation differs from mere permission.

> The *Restatement (Second) of Torts* § 332 (1965) provides a definition of "invitee." . . . Comment b and c discuss the fine distinction between an "invitation," which is necessary for an invitee, and "permission," which is given to a licensee, to enter a premises:
>
> > An invitation differs from mere permission in this: an invitation is conduct which justifies others in believing that the possessor desires them to enter the land; permission is conduct justifying others in believing that the possessor is willing that they shall enter if they desire to do so.

*Combs v. Georgetown College*, No. 2010-CA-000846-MR, 2011 WL 3793410, at *2-3 (Ky. App. Aug. 26, 2011). *See also Klinglesmith v. Estate of Pottinger*, 445 S.W.3d 565, 567 (Ky. App. 2014). The record demonstrates that while Appellant

---

[2] Appellant's affidavit in response to Appellee's motion for summary judgment.

may have been permitted or even encouraged to visit Appellee's residence, as evinced by her many years of social calls, there is scant evidence that she was expressly invited on the day of the accident.

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rule of Civil Procedure (CR) 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991) (citation omitted). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.* "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citation omitted).

## CONCLUSION

When viewing the record in a light most favorable to Appellant and resolving all doubts in her favor, we conclude that the circuit court correctly found that there were no genuine issues as to any material fact and that Appellee was entitled to judgment as a matter of law. "The party opposing summary judgment cannot rely on their own claims or arguments without significant evidence in order to prevent a summary judgment." *Wymer v. JH Properties, Inc.*, 50 S.W.3d 195, 199 (Ky. 2001) (citation omitted). In response to Appellee's motion for summary judgment, Appellant asserted that Appellee invited her to his residence on the day in question. Appellant, however, acknowledges that she did not speak to Appellee on that day and doesn't know if he was at the residence during her approximately five- or six-hour visit. In contrast, Appellee contends that he never invited Appellant on that day and was unaware of her visit or injury until after she left the residence and he returned home. Having no knowledge of Appellant's intent to visit on the day in question, Appellee could not have foreseen her injury. The Johnson Circuit Court properly so concluded, and we find no error.

For the foregoing reasons, we affirm the summary judgment of the Johnson Circuit Court.


ALL CONCUR.

BRIEF FOR APPELLANT:        BRIEF FOR APPELLEE:

Daniel Frederick        John V. Porter
West Liberty, Kentucky      Paintsville, Kentucky