RENDERED: MAY 27, 2022; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0816-MR

MARY LAWSON                                               APPELLANT

v.                 APPEAL FROM CARROLL CIRCUIT COURT
HONORABLE R. LESLIE KNIGHT, JUDGE
ACTION NO. 19-CI-00029

DAVID SMITH                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, DIXON, AND LAMBERT, JUDGES.

CETRULO, JUDGE: This is an appeal from a decision of the Carroll Circuit Court, which granted a summary judgment to a homeowner on a claim asserted by a guest for injuries sustained while visiting. Having reviewed the entire record on appeal and the relevant authorities, we conclude that the trial court's decision granting summary judgment was well reasoned, and therefore affirm.

David Smith ("Smith") is the owner of a three-bedroom ranch home with a walkout basement located in Carroll County. Mary Lawson ("Lawson") is the mother of Smith's girlfriend, Patty Murray ("Murray"). Smith and Murray invited Lawson to use his home as a convenience to minimize her travel time to work. Lawson worked in Carrollton and worked a night shift job that required her to get up and go to work when Smith and Murray were still asleep. Lawson had started "staying at the house" approximately three times a week, whatever was convenient for her, a month or two before the incident that led to this lawsuit.

In the main hallway of the home, there was a door to the basement and a door to the bathroom. Although the doors were hinged on opposite sides, they were otherwise similar and near to one another. The testimony was that there was a nightlight in the bathroom that was left on at all times. The door to the basement opened to stairs with no landing at the top. There was a ceiling light switch which generally was not turned on. Lawson and Smith agree that Lawson had never gone to the basement at any time, although she had seen into the basement when the door was open. She was aware of the stairs and of the basement door's proximity to the bathroom door.

On April 4, 2018, Lawson was found at the bottom of those basement stairs. She has no memory of what occurred between going to bed and being found later. Murray and Smith confirm that Lawson was found at the bottom of the

basement stairs, conscious but with significant injuries. An EMS record reflects that Lawson "advised she had gotten up to use the bathroom, and due to [the] short time at [the] residence, patient opened [the] wrong door and fell into [the] basement." However, it is not clear that this information came from Lawson.

A lawsuit was filed, and Lawson provided an expert witness, Dr. Thomas Huston. His opinion was that the stairwell was unreasonably dangerous since the door opened inward with no landing at the top of the stairs and that the Building Code in effect since the 1980s would require a landing. In response, Smith identified an expert witness, David Johnson, who opined that the home was built in 1968 in accordance with the requirements for that time. Per Smith's expert, the home was not required to be modified to comply with the 1980s Code, since there had been no structural alterations to the original construction. All the parties were deposed and the matter was ready for a trial setting when Smith filed this motion for summary judgment. The court had expert disclosures from both parties, but determined that their opinions were irrelevant to its determination of the motion for summary judgment.

The trial court issued its opinion on June 23, 2021, granting Smith's motion for summary judgment, and this appeal followed.

## STANDARD OF REVIEW

The standard of review upon appeal of an order granting summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citing CR[1] 56.03). Upon a motion for summary judgment, all facts and inferences in the record are viewed in a light most favorable to the non-moving party and "all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Thus, a summary judgment looks only to questions of law, and we review a trial court's decision to grant summary judgment *de novo*. *Brown v. Griffin*, 505 S.W.3d 777, 781 (Ky. App. 2016); *see also Blackstone Mining Co. v. Travelers Ins. Co.*, 351 S.W.3d 193, 198 (Ky. 2010), *as modified on denial of reh'g* (Nov. 23, 2011). However, "[a] party opposing a summary judgment motion cannot rely on the hope that the trier of fact" would simply "disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Ryan v. Fast Lane, Inc.*, 360 S.W.3d 787, 790 (Ky. App. 2012) (citing *Steelvest*, 807 S.W.2d at 481). With this standard in mind, we turn to Lawson's two arguments on appeal.

---

[1] Kentucky Rule of Civil Procedure.

First, Lawson asserts that the trial court erred in concluding that there was a different standard for residential premises than for commercial premises. Second, the appellant simply argues that the trial court substituted its opinion for a jury. We disagree with both of these premises.

In its detailed opinion, the trial court initially noted that in **any** negligence case, the plaintiff must prove the existence of a duty, breach of duty, and the injury and damages. Pointing out that the existence of the duty is a question of law for the court, the court below went on to discuss the rather tortured progression of cases addressing premises liability in this Commonwealth since 2010, and the decision of *Kentucky River Medical Center v. McIntosh*, 319 S.W.3d 385 (Ky. 2010).

Nonetheless, "Kentucky law [has remained] steadfast in its adherence to the traditional notion that duty is associated with the status of the injured party as an invitee, licensee, or trespasser." *Smith v. Smith*, 563 S.W.3d 14, 17 (Ky. 2018) (citation omitted). For instance, in *Smith*, the dissent argued for abandonment of distinctions between licensees and invitees in favor of a general duty of reasonable care owed to all non-trespassing persons. *Id.* at 20 (Minton, C.J., dissenting). However, the majority held that the "status" of the injured party is still largely determinative of the duty upon the landowner. *Id.* at 17.

Numerous cases since *McIntosh* have attempted to explain and analyze the Courts' holdings on premises liability cases. The one thing that is clear from the sheer volume of cases that have followed is that it is not at all clear where our Supreme Court will ultimately land on the classification issue. But, it has been proposed that in many of these cases where no duty is found, the Courts are really saying "that the defendant owed no duty *that was breached* or that he owed no duty *that was relevant on the facts*[,]" not that the defendant owed no duty. *Shelton v. Ky. Easter Seals Society, Inc.*, 413 S.W.3d 901, 911-12 (Ky. 2013). "And without breach, there can be no negligence as a matter of law." *Id.* at 912.

The court below reviewed all of the aforementioned case law and noted that the majority of cases dealt with a business owner's duty to a business invitee, not a homeowner's duty to a licensee. The trial court similarly considered several cases from other jurisdictions with residential settings, noting that other courts have generally found no liability when the guest was familiar with the house and aware of the staircase. For example, in *Buchholz v. Steitz*, 463 S.W.2d 451 (Tex. Civ. App. 1971), a licensee plaintiff was injured when she fell into the basement after entering what she thought was a bathroom door. There, plaintiff testified she had been in the house about five times. *Id.* at 452. The court found the defendants were not negligent because plaintiff had been to the home "on

several occasions" and "knew about the stairway but had forgotten about it" on the day of the fall. *Id.* at 454.

We have similarly reviewed the authorities and agree that there is only one reported Kentucky decision that discusses the duty of a homeowner to a licensee. That case is the aforementioned decision of *Smith v. Smith*. Therein, a homeowner had mopped her back deck and a guest slipped and fell. *Smith*, 563 S.W.3d at 15. That matter went on to a jury verdict with the jury being given only a general "ordinary care" instruction. *Id.* at 16. The jury actually found the homeowner 100% at fault and this Court affirmed. *Id.* However, our Supreme Court reversed, due to faulty instructions. *Id.* at 18.

In *Smith*, the majority of our Supreme Court reiterated that "[a] possessor of land owes a licensee a duty to 'not knowingly let[ ] her come upon a hidden peril or willfully or wantonly caus[e] her harm.'" *Id.* at 17 (quoting *Terry v. Timberlake*, 348 S.W.2d 919, 920 (Ky. 1961)). The Court further outlined how the duties of a possessor are quite different based on whether the guest is an invitee or a licensee. *Id.* at 17-18. Finally, as stated above, the majority rejected the plea to abolish the classifications of trespasser, licensee, and invitee, again, to the consternation of the dissenting justices. *Id.* at 20 (Minton, C.J., dissenting). The *Smith* case was remanded to the circuit court with the caveat that two factual issues

existed, 1) whether the "soapy" condition of the deck was open and obvious; and, 2) whether the guest was a licensee or an invitee. *Id.* at 19.

Here, there is no such factual dispute as to the status of Lawson nor as to the open and obvious nature of the basement door in the hallway of the home. All agree that she was "staying" at the home for her own benefit, to minimize her drive for work. She was clearly a licensee. In *Smith*, the Supreme Court further confirmed that Kentucky continues to adhere to the Restatement (Second) of Torts,[2] which provides:

> A possessor of land is subject to liability for physical harm caused to licensees by a condition on the land **if, but only if**,
>
> (a) the possessor knows or has reason to know of the condition and should realize that it involves an unreasonable risk of harm to such licensees, and should expect that they will not discover or realize the danger, **and**
>
> (b) he [or she] fails to exercise reasonable care to make the condition safe, or to warn the licensees of the condition and the risk involved, **and**
>
> (c) the licensees do not know or have reason to know of the condition and the risk involved.

RESTATEMENT (SECOND) OF TORTS § 342 (1965) (emphasis added).

---

[2] *Smith*, 563 S.W.3d at 17.

-8-

While many states have expressly declined to adopt that Restatement (Second) of Torts section, our Supreme Court has adopted it. Thus, we agree with the Carroll Circuit Court that Smith's only duty to Lawson was to not let her come upon a hidden peril or willfully or wantonly cause her harm. This duty he did not violate. Pursuant to the Restatement (Second) of Torts, and specifically the last subsection, this homeowner could only be subject to liability if the licensee did not know or have any reason to know of the risk of harm. RESTATEMENT (SECOND) OF TORTS § 342(c) (1965).

Lawson admitted she was aware of the location of the basement stairs and had seen the door opened on prior occasions. Her testimony confirms that she knew the difference in the hinging and opening of the two different doors. Regardless of whether the stairs constituted a peril or dangerous condition, it was not hidden from Lawson, and the homeowner did not breach any duty owed. The "open and obvious" doctrine traditionally has maintained that land possessors cannot be held liable even to invitees who are injured by open and obvious dangers. *See Breedlove v. Smith Custom Homes, Inc.*, 530 S.W.3d 481, 488 (Ky. App. 2017).

Moreover, we agree that the court below did not make a "no-duty" determination that Smith did not owe a duty of care to Lawson. Rather, the court made a "no breach" determination when it dismissed the claim on summary

judgment finding that there was no negligence as a matter of law as Lawson failed to show a breach of the applicable duty of care. RESTATEMENT (SECOND) OF TORTS § 343A (1965).

In *Carter v. Bullitt Host, LLC*, 471 S.W.3d 288, 298 (Ky. 2015), the Court elaborated that under comparative fault, "every person has a duty of ordinary care" considering the situation, "and that duty applies equally to plaintiffs and defendants. For fault to be placed on either party, a party must have *breached* his duty; and if there is a breach, fault must be apportioned based on the extent a party's breach caused or helped cause harm to the plaintiff." *Id.* While summary judgment is to be cautiously granted, it is just as true, even under comparative fault, "that if a landowner has done everything that is reasonable under the circumstances, he has committed no breach, and cannot be held liable to the plaintiff." *Id.*

Similarly, in *Phelps v. Bluegrass Hospitality Management, LLC*, 630 S.W.3d 623 (Ky. 2021), our Supreme Court upheld summary judgment in favor of a restaurant owner who was sued by a patron who alleged some possible waxy substance might have existed, but who had no proof or testimony to support that allegation nor any testimony of any breach of duty by the landowner. As the Court stated therein, the invitee "failed to submit proof of a material fact – that being . . . a hazardous condition upon [the] business premises" and therefore summary

judgment was appropriate. *Id*. at 630. We believe that this licensee similarly failed to submit any proof of a breach of duty by the homeowner that caused her to fall down steps that she knew were there. As was argued in *Phelps*, the only real assertion on appeal herein is that the foreseeability of some unproven risk of harm should be a question normally left to the jury under the breach analysis. We disagree where, as here, the injured party was a licensee who failed to submit proof of a violation of a duty breached.

Based upon our review of the record below and the holdings of the prior cases, we do not agree that the trial court erred in this instance in concluding the matter without a jury. In short, Lawson is simply arguing that Smith could have illuminated the hallway or the basement stairs; that he could have reversed the basement door to open outward; or that he could have moved the light switches or constructed a landing at the top of the stairs, and that any of these actions might have prevented the injuries to Lawson. While all of those actions may have been options available to the possessor or landowner in this case, the case law is clear that these were not duties owed nor duties breached so as to have required the case to be presented to a jury. Accordingly, we affirm the summary judgment of the Carroll Circuit Court.

ALL CONCUR.

BRIEFS FOR APPELLANT:        BRIEF FOR APPELLEE:

David L. Sage                Charles J. Davis
Louisville, Kentucky       Stephen M. Yeager
                                Cincinnati, Ohio