RENDERED:  APRIL 5, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0745-MR

ANNA INSKO                                                          APPELLANT

APPEAL FROM BOURBON CIRCUIT COURT
v.      HONORABLE JEREMY MICHAEL MATTOX, JUDGE
ACTION NO. 21-CI-00194

JEREMIAH PERRAUT                                                     APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; ACREE AND CALDWELL, JUDGES.

THOMPSON, CHIEF JUDGE:  Anna Insko appeals from an order which granted summary judgment to Jeremiah Perraut.  Appellant argues that the trial court erroneously interpreted Kentucky Revised Statutes (KRS) 258.235, Kentucky's strict liability dog bite statute, and erred in dismissing her premises liability cause of action.  We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

On October 4, 2020, Appellee and his wife, Audra Perraut, invited Appellant and her children over to their home for a social gathering. At one point in the evening, Appellant, Appellee, and Ms. Perraut were gathered around a firepit located in the Perraut's back yard. Appellee and Ms. Perraut were facing Appellant and the three of them were conversing. At some point, the Perraut's dog approached the firepit and lay down behind Appellant. As Appellant was talking, she took a small step backward, without looking, and tripped over the dog. She fell and broke her wrist. Appellee testified during a deposition that he did not see the dog behind Appellant. Ms. Perraut was not deposed.

Appellant then filed the underlying lawsuit. She claimed that Appellant negligently kept the premises in an unsafe condition by not warning her of the dog's position behind her and by not properly supervising the dog. She also claimed that he was strictly liable due to KRS 258.235(4), which states, "[a]ny owner whose dog is found to have caused damage to a person, livestock, or other property shall be responsible for that damage."

After some discovery, Appellee filed a motion for summary judgment, which the court granted. The trial court held that KRS 258.235(4) did not apply to this situation because the dog did not bite or attack Appellant. The court also held that, as a social guest, Appellant was a licensee on Appellee's property. The court

found that Appellant did not act negligently in this instance. Appellant then filed a motion to alter, amend, or vacate the summary judgment order. That motion was denied and this appeal followed.

## STANDARD OF REVIEW

The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. . . . "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." Summary "judgment is only proper where the movant shows that the adverse party could not prevail under any circumstances." Consequently, summary judgment must be granted "[o]nly when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor[.]"

*Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citations omitted).

"Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Lewis v. B & R Corporation*, 56 S.W.3d 432, 436 (Ky. App. 2001).

## ANALYSIS

Appellant's first argument on appeal is that the trial court erred in its interpretation of KRS 258.235(4). The trial court held that it did not apply in this matter because Appellant was not bitten or attacked by the dog. Appellant argues

that this interpretation is incorrect because the statute does not require a bite or attack from a dog, only that the dog cause damage.

In concluding that the statute did not apply in this case, the trial court relied on *Spalding v. Own Your Home, LLC*, No. 2017-CA-001647-MR, 2019 WL 4733072 (Ky. App. Sep. 27, 2019). In *Spalding*, David Spalding slipped on dog excrement outside of a home owned by Own Your Home, LLC, and injured himself. The home was being leased by John Segevan and Mr. Segevan was the owner of the dog. Mr. Spalding sued Own Your Home and Mr. Segevan.[1]

The trial court granted summary judgment in favor of Own Your Home by concluding that this type of injury was not one contemplated by the statute. The Court of Appeals affirmed and held the following:

> Own Your Home persuasively argues that the overall tenor of KRS 258.235 provides that it was intended to encompass only damage stemming from dog bites or attacks. Indeed, the statute is frequently referred to as the "dog bite" statute. This interpretation is consistent with other subsections of the statute that explicitly address vicious, attacking dogs. The Kentucky Supreme Court explained in [*Benningfield ex rel. Benningfield v. Zinsmeister*, 367 S.W.3d 561, 562 (Ky. 2012)] that KRS 258.235 was part of a legislative "scheme to displace or abrogate the common law rule on *dog-bite liability* . . . presumably to create incentives for various actors to take steps to reduce the chances of *dog bites*. And, more recently, our Supreme Court referred to KRS 258.235(4) as governing "dog bite law" and being "the progeny of

---

[1] At the time, landlords could be considered "owners" under KRS 258.235(4). The relevant statutes have since been revised to remove landlords from the definition of owner.

years of evolution in the law of dog attacks." *Maupin v. Tankersley*, 540 S.W.3d 357, 359-60 (Ky. 2018). Dog excrement is plainly neither a bite nor an attack. Thus, we agree with the trial court that Spalding's ankle injury, caused by slipping on dog excrement, is not the type of "damage" that the legislature intended to address in KRS 258.235(4). Accordingly, we cannot extend liability to a landlord under the facts of this case.

*Spalding*, 2019 WL 4733072, at *2 (emphasis in original) (citation omitted).

When engaging in statutory interpretation,

our main goal is "to give effect to the intent of the General Assembly." The clearest indicator of that intent is the "language the General Assembly chose, either as defined by the General Assembly or as generally understood in the context of the matter under consideration." And "[w]here the words used in a statute are clear and unambiguous and express the legislative intent, there is no room for construction and the statute must be accepted as written."

*Bell v. Bell*, 423 S.W.3d 219, 223 (Ky. 2014) (footnotes and citations omitted).

"Generally, [t]he statute must be read as a whole and in context with other parts of

the law." *Kentucky Department of Corrections v. Dixon*, 572 S.W.3d 46, 49 (Ky.

2019) (internal quotation marks and citation omitted).

However, [n]o rule of statutory construction has been more definitely stated or more often repeated than the cardinal rule that significance and effect shall, if possible, be accorded to every part of the Act. Additionally, [a]ll statutes of this state shall be liberally construed with a view to promote their objects and carry out the intent of the legislature[.] And, it is axiomatic that, when interpreting a provision of a statute, a court should not, if possible, adopt a construction that renders a provision

-5-

meaningless or ineffectual or interpret a provision in a manner that brings about an absurd or unreasonable result.

*Schoenbachler v. Minyard*, 110 S.W.3d 776, 783 (Ky. 2003) (footnotes, internal quotation marks, and citations omitted).

We agree with the trial court that KRS 258.235(4) does not apply to Appellant's injury. First, let us examine KRS 258.235 as a whole. KRS 258.235 states:

> (1) Any person, without liability, may kill or seize any dog which is observed attacking any person.
>
> (2) Any livestock owner or his agent, without liability, may kill any dog trespassing on that owner's property and observed in the act of pursuing or wounding his livestock.
>
> (3) Any dog determined to be vicious by a court and allowed to be returned to an owner shall be confined in a locked enclosure at least seven (7) feet high or a locked kennel run with a secured top. The dog may leave the enclosure only to visit the veterinarian or to be turned in to an animal shelter. The dog shall be muzzled if leaving the enclosure for either of these purposes.
>
> (4) Any owner whose dog is found to have caused damage to a person, livestock, or other property shall be responsible for that damage.
>
> (5) (a) Any person who has been attacked by a dog, or anyone acting on behalf of that person, may make a complaint before the district court, charging the owner or keeper of the dog with harboring a vicious dog. A copy of the complaint shall be served upon the person so charged in the same manner and subject to the laws

-6-

regulating the service of summons in civil actions directing him to appear for a hearing of the complaint at a time fixed in the complaint. If the person fails to appear at the time fixed, or if upon a hearing of the parties and their witnesses, the court finds the person so charged is the owner or keeper of the dog in question, and that the dog has viciously and without cause, attacked a human being when off the premises of the owner or keeper, the person shall be subject to the penalties set forth in KRS 258.990(3)(b), and the court shall further order the owner or keeper to keep the dog securely confined as provided by subsection (3) of this section, or the court may order the dog to be destroyed.

(b) The animal control officer shall act as an officer of the court for the enforcement of any orders of the court in his jurisdiction pertaining to this subsection.

(6) For his services in the proceedings, a peace officer shall be entitled to the same fees to which he is entitled for performing similar services in civil cases. In all proceedings under this section, the court shall place the costs upon either party as it may determine.

(7) It shall be unlawful for the owner or keeper of any vicious dog, after receiving an order under subsection (5) of this section, to permit the dog to run at large, or to appear in public except as provided in subsection (3) of this section. Any vicious dog found running at large may be killed by any animal control officer or peace officer without liability for damages for the killing.

Based on our reading of the statute as a whole, and the perceived legislative intent, we believe KRS 258.235(4) requires some kind of act by a dog for strict liability to apply. Here, the dog was lying on the ground and did not act upon Appellant. The dog did not bite, attack, jump on, or even nudge Appellant.

The dog was simply peacefully existing. Allowing KRS 258.235(4) to apply to all actions in which an injury is somehow tangentially related to a dog would bring about an absurd and unreasonable result. We find no error with the trial court's conclusion that the statute does not apply in this case. Appellee was entitled to summary judgment as a matter of law.

Appellant also argues on appeal that the trial court erred in granting summary judgment on her negligence claim. She claims that the court erred in deeming her a licensee as opposed to an invitee. She also argues that there were factual issues that needed to be decided by a jury.

> [A] negligence case . . . requires proof that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached the standard by which his or her duty is measured, and (3) consequent injury. "Consequent injury" consists of what hornbooks separate into two distinct elements: actual injury or harm to the plaintiff *and* legal causation between the defendant's breach and the plaintiff's injury. Duty, the first element, presents a question of law. Breach and injury, are questions of fact for the jury to decide. The last element, legal causation, presents a mixed question of law and fact.

*Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88-89 (Ky. 2003) (citations omitted).

> The first step in proving negligence is determining what duty, if any, the defendant owed the plaintiff. In the Commonwealth, under the doctrine of premises liability, "a landowner has a general duty to maintain the premises in a reasonably safe manner; and the scope of that duty is outlined **according to the status of the plaintiff**."

-8-

*Smith v. Smith*, 563 S.W.3d 14, 16 (Ky. 2018) (emphasis in original) (citation

omitted). The injured party can fall into one of three categories: invitee, licensee,

or trespasser. *Id.* at 17. In this case, we only have to consider invitee and licensee.

> [A] licensee is defined as a "person who is privileged to enter or remain on land only by virtue of the possessor's consent." A possessor of land owes a licensee a duty to "not knowingly let[ ] her come upon a hidden peril or willfully or wantonly caus[e] her harm."
>
> On the other hand, an invitee is "either a public invitee or a business visitor." In contrast to a licensee, an invitee is owed a duty of "reasonable care," such that an invitee "enters the premises with the implied assurance of preparation and reasonable care for his protection and safety while he is there." This duty extends beyond the protection owed a licensee and protects the invitee from "the risk of harm from activities of which the invitee knows or has reason to know, where it may reasonably be expected that he will fail to protect himself notwithstanding such knowledge."

*Id.* at 17-18 (footnotes and citations omitted).

Kentucky case law holds that a social guest in someone's home is a

licensee. *Shipp v. Johnson*, 452 S.W.2d 828, 829 (Ky. 1969); *Terry v. Timberlake*,

348 S.W.2d 919, 920 (Ky. 1961); *Lawson v. Smith*, 652 S.W.3d 643, 647 (Ky.

App. 2022). As a licensee, Appellant

> was expected to take the premises as the [owners] used them and was not entitled to expect that they would be prepared for her reception or that precautions would be taken for her safety in any manner in which [the owners] did not prepare or take precautions for their own safety or that of members of their family. No duty was owed to

> the [social guest] other than that of not knowingly letting her come upon a hidden peril or willfully or wantonly causing her harm.

*Terry*, 348 S.W.2d at 920 (citations omitted).

In the case *sub judice*, the trial court held that there was no evidence that Appellee breached his duty to keep his premises safe for a licensee. While the issue of breach is usually a fact question for the jury to decide, "summary judgment . . . will be appropriate only when, under all the circumstances of the given case, reasonable minds cannot differ . . . or when only one reasonable conclusion [as to that question] can be reached." *Grubb v. Smith*, 523 S.W.3d 409, 421 (Ky. 2017) (internal quotation marks and citation omitted).

Here, Appellant presented no evidence that Appellee or his wife saw the dog lying behind her. "'Belief' is not evidence and does not create an issue of material fact. A plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment." *Humana of Kentucky, Inc. v. Seitz*, 796 S.W.2d 1, 3 (Ky. 1990) (citation omitted). If Appellee did not see the dog, then there was no dangerous condition known by him to warn about. In addition, we do not believe the dog was a "hidden peril." The dog was not obscured or hidden by anything, and had Appellant looked where she was stepping, she likely would have seen the dog.

We also note that there was no allegation that Appellee "willfully or wantonly" caused her harm; therefore, we will not discuss that aspect of negligence toward a licensee.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the trial court. KRS 258.235(4) did not apply in this case and Appellant failed to provide evidence that Appellee breached his duty to protect her from known hidden perils on his property.

ALL CONCUR.

| BRIEFS FOR APPELLANT: | BRIEF FOR APPELLEE: |
|---|---|
| Thomas K. Herren<br>Lexington, Kentucky | Luke A. Wingfield<br>Cassidy L. Sorrells<br>Lexington, Kentucky |