RENDERED:  APRIL 28, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0487-MR

ANGELA TUCKER                                            APPELLANT


|  | APPEAL FROM WOODFORD CIRCUIT COURT |
|---|---|
| v. | HONORABLE JEREMY MICHAEL MATTOX, JUDGE |
|  | ACTION NO. 21-CI-00027 |


UNIVERSITY OF KENTUCKY
FEDERAL CREDIT UNION; LANES VIEW
NEIGHBOORHOOD ASSOCIATION
HOME OWNER'S ASSOCIATION;
AND WELLS FARGO                                 APPELLEES


## OPINION
## AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; KAREM AND McNEILL, JUDGES.

THOMPSON, CHIEF JUDGE:  Angela Tucker, *pro se*, appeals from an order granting summary judgment in favor of the University of Kentucky Federal Credit Union (hereinafter referred to as the Credit Union).  We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

On April 7, 2008, Ms. Tucker entered into a home equity loan with the Credit Union for $35,000. Ms. Tucker gave the Credit Union a mortgage on her house in order to secure the loan. On February 9, 2021, the Credit Union filed the underlying action seeking to recover the amount owed on the mortgage. The Credit Union claimed that Ms. Tucker had not been making the requisite payments. On May 20, 2021, the Credit Union filed a motion for summary judgment. The evidence presented by the Credit Union showed that Ms. Tucker had not been making full payments on the mortgage, only partial payments. The trial court granted summary judgment and this appeal followed.

## ANALYSIS

The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law. . . . "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." Summary "judgment is only proper where the movant shows that the adverse party could not prevail under any circumstances." Consequently, summary judgment must be granted "[o]nly when it appears impossible for the nonmoving party to produce evidence at trial warranting a judgment in his favor[.]"

*Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996) (citations omitted).

"Because summary judgment involves only legal questions and the existence of

any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Lewis v. B & R Corporation*, 56 S.W.3d 432, 436 (Ky. App. 2001).

Appellant argues that because she was making some payments, the Credit Union could not file the underlying lawsuit. She also argues that because she was in forbearance with her primary mortgagor, Wells Fargo, she did not have to make payments to the Credit Union. Here, the evidence unequivocally shows that, while Ms. Tucker was making some payments to the Credit Union, she was not making full or complete payments. Around the time that the Credit Union filed this action, Ms. Tucker had over $6,000.00 in payment arrearages. Failure to make full and timely payments violated the agreement between Ms. Tucker and the Credit Union; therefore, the Credit Union properly brought this action. Furthermore, a forbearance with Wells Fargo has no bearing on her agreement with the Credit Union. Ms. Tucker was not in forbearance with the Credit Union.

## **CONCLUSION**

Based upon the foregoing, the trial court did not err in granting summary judgment to the Credit Union. There were no genuine issues of material fact that would have precluded summary judgment and the Credit Union was entitled to judgment as a matter of law.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Angela Tucker, *pro se*
Versailles, Kentucky

BRIEF FOR APPELLEE
UNIVERSITY OF KENTUCKY
FEDERAL CREDIT UNION:

Gregory D. Pavey
Felisa S. Moore
Lexington, Kentucky