RENDERED:  OCTOBER 24, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-0186-MR

HAROLD WRIGHT AND MARILYN
WRIGHT                                                                                   APPELLANTS

v.      APPEAL FROM UNION CIRCUIT COURT
        HONORABLE DANIEL M. HEADY, JUDGE
        ACTION NO. 21-CI-00166

DEACONESS UNION COUNTY
HOSPITAL AND DR. TERRY
PERKINS                                                                                     APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; CETRULO AND MOYNAHAN,
JUDGES.

THOMPSON, CHIEF JUDGE:  Harold Wright and Marilyn Wright (Appellants)

appeal from a January 7, 2025 order of the Union Circuit Court granting summary

judgment in favor of Deaconess Union County Hospital and Dr. Terry Perkins

(Appellees).  Appellants argue that the circuit court improperly ruled that their

failure to timely file a Certificate of Merit with their medical malpractice claim as

required by Kentucky Revised Statutes (KRS) 411.167 mandated dismissal of their complaint. After careful review, we find no error and affirm the order granting summary judgment.

## FACTS AND PROCEDURAL HISTORY

On September 18, 2020, Mr. Wright went to the emergency room of Deaconess Union County Hospital (Deaconess) after falling and injuring his knee – the same knee on which he previously underwent replacement surgery. Dr. Terry Perkins (Dr. Perkins) examined Mr. Wright, ordered an x-ray and diagnosed a sprain. Mr. Wright was discharged.

While still in the emergency department, Mr. Wright attempted to stand from a seated position without staff assistance. His first effort failed. On the second attempt, he fell to the floor and allegedly sustained a quadriceps tendon tear which was surgically repaired six days later by his prior treating physician Dr. Reid Wilson.

On September 17, 2021, Appellants filed suit against Dr. Perkins, alleging negligent diagnosis and treatment proximately resulting in Mr. Wright's fall and tendon injury. They also alleged hospital liability, both direct and vicarious. Dr. Perkins and Deaconess answered with general denials.

Prior to answering, Deaconess filed a motion to dismiss the Wrights' action for failure to state a claim upon which relief can be granted. It also asserted

that Appellants improperly failed to file with their complaint a Certificate of Merit per KRS 411.167 stating that Appellants consulted a qualified expert and concluded that a reasonable basis exists to commence the action.

On November 22, 2021, Appellants filed an amended complaint with Mr. Wright's affidavit under KRS 411.167 stating that Dr. Reid Wilson, would testify on behalf of Mr. Wright.[1] On December 2, 2021, Dr. Perkins was served with the complaint, amended complaint, summons and affidavit purporting to comply with KRS 411.167. On May 10, 2022, the Union Circuit Court denied Appellees' motions to dismiss upon concluding that Mr. Wright's affidavit satisfied KRS 411.167, and that Appellants had demonstrated excusable neglect. According to the record, the action then languished for about two years with little activity.

In February of 2024, the Kentucky Supreme Court rendered opinions in *McMillin v. Sanchez*, 686 S.W.3d 145 (Ky. 2024), and *McWhorter v. Baptist Healthcare Systems, Inc.*, 686 S.W.3d 142 (Ky. 2024), holding that KRS 411.167 requires strict compliance with the filing of the Certificate of Merit in medical malpractice claims. In light of these opinions, Deaconess filed a motion for summary judgment renewing their argument that Appellants' failure to file a

---

[1] The affidavit is contradictory though, as it also averred that Dr. Wilson would be unable to voluntarily provide a medical opinion. The affidavit further claimed that Mr. Wright's health issues had prevented him from obtaining an expert opinion or review under KRS 411.167.

Certificate of Merit with the complaint must result in dismissal of their action. Dr. Perkins joined by way of a separate motion.

On January 7, 2025, the Union Circuit Court entered an order granting Appellees' motion to dismiss the action.[2] Relying on *McMillin*, *supra*, the circuit court ruled that Appellants' failure to file a Certificate of Merit with their complaint was fatal to their claim. Accordingly, it dismissed Appellants' complaint, and this appeal followed.

## STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Kentucky Rules of Civil Procedure ("CR") 56.03. "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor. *Id.*

---

[2] As part of this order, the circuit court vacated in part its May 10, 2022, order denying Appellees' motions to dismiss.

"Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Finally, "[t]he standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## ARGUMENTS AND ANALYSIS

Appellants argue that the Union Circuit Court erred in granting summary judgment in favor of the Appellees and dismissing Appellants' complaint based upon *McMillin*, *supra*. They first maintain that the circuit court erred in concluding that Appellants did not file a timely Certificate of Merit in conformity with KRS 411.167. They state that they filed this action on September 17, 2021, and served Deaconess with the complaint in a timely manner. They go on to argue that, "Dr. Perkins avoided Service of Process. He could not be found, and he could not be served."

Appellants state that they subsequently filed an amended complaint in accordance with the civil rules, which was served on Dr. Perkins on December 2, 2021. At the same time, Dr. Perkins was served with the original complaint and the Certificate of Merit. Appellants contend that the filing of the Certificate of

Merit on November 22, 2021, relates back in time to the filing of the original complaint and therefore conforms with KRS 411.167.

KRS 411.167, entitled "Certificate of merit for medical malpractice actions," provides that "[a] claimant commencing any action identified in KRS 413.140(1)(e) . . . shall file a certificate of merit with the complaint in the court in which the action is commenced." KRS 411.167(1). KRS 413.140(1)(e) refers to "[a]n action against a physician, surgeon, dentist, or hospital . . . for negligence or malpractice." The certificate shall state that the claimant "has concluded on the basis of review and consultation [with a qualified expert] that there is reasonable basis to commence the action . . . ." KRS 411.167(2)(a). And as noted above, *McMillin* held that KRS 411.167 must be strictly construed. The *McMillin* court rejected the medical malpractice plaintiff's argument that technical and substantive rather than strict compliance with KRS 411.167 is sufficient, and was not persuaded by the plaintiff's argument that the circuit court should have employed less severe alternatives than dismissal with prejudice.

The question before us is whether the Union Circuit Court properly concluded that Appellants did not file a Certificate of Merit with the complaint in strict compliance with KRS 411.167, and that per *McMillin*, *supra*, their complaint therefore must be dismissed. After closely examining the record and the law, we must answer this question in the affirmative. Again, KRS 411.167(1) requires that

-6-

the claimant "shall file a certificate of merit *with the complaint*[.]" (Emphasis added.) It is uncontroverted that Appellants did not file their Certificate of Merit with the complaint, and there is no basis for concluding that their filing of the certificate some two months later relates back to the filing of the original complaint for purposes of KRS 411.167(1). Though the circuit court initially excused Appellants' late filing of the Certificate of Merit based on excusable neglect, due to Wright's health issues such leniency is not available under the strict compliance standard subsequently set out in *McMillin*. Therefore, the Union Circuit Court properly dismissed Appellants' action by way of summary judgment.

Though not dispositive, we also note that the certificate filed by Appellants does not reveal the basis of their negligence claim against Dr. Perkins or Deaconess; the injury or disease that Dr. Perkins allegedly misdiagnosed; how the tendered medical records would support a claim of negligence; nor, how Dr. Wilson's testimony would demonstrate Dr. Perkins' negligence.

Appellants make several related arguments that are subsumed by or otherwise repeat portions of their main argument addressed above. They assert that Dr. Perkins avoided service of process, but do not cite to anything in the record supportive of this claim.

Further, we are not persuaded by Mr. Wright's argument that he was improperly denied his constitutional right to a trial by jury, as the right to prosecute

a medical malpractice action is predicated on strict compliance with KRS 411.167. *McMillin*, *supra*. And finally, Appellants argue that *McMillin* should not be applied retroactively. We are not persuaded by this argument because KRS 411.167 was extant at the time of the filing of their complaint, and because "judicial decisions generally apply retroactively." *Branham v. Stewart*, 307 S.W.3d 94, 102 (Ky. 2010).

## **CONCLUSION**

Appellants did not file a Certificate of Merit with their complaint as strictly required by KRS 411.167. The Union Circuit Court properly so found. For this reason, and per *Scifres*, *supra*, we find no error and affirm the Union Circuit Court's order granting summary judgment.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

Wendell Holloway
Madisonville, Kentucky

BRIEF FOR APPELLEE
DEACONESS:

Colleen O. Davis
Louisville, Kentucky

BRIEF FOR APPELLEE DR. TERRY
PERKINS, M.D.:

Stephen S. Burchett
Michael G. Erena
Lexington, Kentucky